644 So.2d 767 (1994)
STATE of Louisiana
v.
Stacy ADDISON.
No. 93 KA 1872.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
*768 Monisa L. Thompson, Dist. Attorney's Office, Baton Rouge, for plaintiff-appellee.
David Price, Office of the Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Stacy Addison (defendant) was charged by grand jury indictment with three counts of distribution of cocaine. LSA-R.S. 40:967(A). He pled not guilty and, after trial by jury, was found guilty as charged. Subsequently, he was sentenced to twenty years at hard labor on each count with credit for time served. The sentences were ordered to be served concurrently. Defendant has appealed.
The State's evidence showed that on May 21, 22, and 23, 1991, in East Baton Rouge Parish, defendant sold cocaine to three different undercover police officers. Defendant subsequently was arrested after being identified by the police officers as the person who sold them cocaine.

ASSIGNMENT OF ERROR NUMBER ONE:
Defendant contends the trial court erred in denying a continuance because his trial lawyer was unprepared. He argues that, because his counsel appeared with him in court only one time prior to his trial and was not given adequate time to prepare a defense, his conviction was unconstitutionally obtained and should be reversed.
Just prior to trial, the following colloquy took place between the trial court and defense counsel, Author Joiner:
Mr. Joiner: Your Honor, we're going to move for a continuance, of course; but if the Court instructs us to go forward, we'll
The Court: We're going to go forward. I'm not going to give you a continuance. I understand, Mr. Joiner. I am very sympathetic with your situation, but I'm going to indicate to you that that'sthe public defender keeps pulling thesethese public defenders in and out. That's not my problem. I'm going to move my docket forward.
Mr. Joiner: Yes, ma'am.
The Court: and I know it's not your problem, that you didn't cause it. But every time we move ... in and out, these cases have beenhow long has Stacy Addison been pending?
. . . .
Mr. Ashford [the prosecutor]: First time in court, August '91. There's at least three trial dates.
. . . .
Mr. Joiner: just for clarification, did the court deny my motion for continuance?
The Court: Yes. The Court denies your motion to continue
Mr. Joiner: Yes, ma'am. Thank you.
The Court: due to the reassignment of this matter on too many occasions.
A motion for continuance shall be in writing and shall allege specifically the grounds upon which it is based. La.C.Cr.P. art. 707. The granting or denial of a motion for continuance rests within the sound discretion of the trial court, and its ruling shall not be disturbed on appeal absent a showing of a clear abuse of discretion. State v. Simon, 607 So.2d 793, 798 (La.App. 1st Cir.1992), writ denied, 612 So.2d 77 (La.1993). Whether refusal of a motion for continuance is justified depends on the circumstances of the case. Generally, the denial of a motion for continuance is not reversible absent a showing of specific prejudice. State v. Bourque, 622 So.2d 198, 224 (La.1993).
*769 An oral motion for continuance leaves nothing for review on appeal. However, where the occurrences that allegedly make the continuance necessary arise unexpectedly, and defense counsel had no opportunity to prepare a written motion, an appellate court may review the denial. State v. Francis, 597 So.2d 55, 58 (La.App. 1st Cir.1992).
Joiner made an oral motion for continuance the morning the trial began. Presumably, he did not have time to file a written motion, since he was not in court with defendant on the previous day when the trial had been continued. However, in asking for a continuance, Joiner failed to allege specifically the grounds upon which the motion was based. It is only in brief to this court that defendant claims defense counsel was unprepared for trial due to lack of time to prepare a defense.
Defendant cites two Louisiana Supreme Court cases where the denial of a continuance by the trial court after being requested by defense counsel was found to be reversible error. However, both of these cases can be distinguished. In State v. Simpson, 403 So.2d 1214 (La.1981), the public defender made a motion for a continuance and specifically informed the court he was not prepared to represent defendant. Additionally, the public defender's office was unaware that a trial date had been set and there had been no previous contact between defendant and the public defender's office.
While it is unclear from the supreme court's opinion whether the public defender specifically stated in his motion for continuance that he was unprepared for trial, State v. Knight, 611 So.2d 1381 (La.1993), can also be distinguished. In Knight, the New Orleans Indigent Defender Program was appointed to represent defendant, and the case was assigned to a specific attorney. The assigned attorney represented defendant at the pretrial proceedings and succeeded in having evidence suppressed. The case subsequently was called to trial, but defendant's assigned counsel was out of town. Another attorney from the Indigent Defender Program, who was in court that day for the out-of-town attorney just to "cover" his docket, was "in effect" appointed as defendant's new counsel by the trial court. Despite this new defense counsel's ignorance of the case, the trial court denied a continuance and proceeded to trial. The supreme court reversed defendant's conviction, stating the trial court had constructively denied defendant counsel.
Here, the public defender's office had been appointed to represent defendant, and counsel was present when defendant made his first court appearance on August 12, 1991. Five different attorneys, including Joiner, had represented defendant during his numerous pretrial proceedings. Joiner represented defendant at a hearing on January 7, 1992, when defendant's request for a preliminary hearing and bond reduction were denied. Additionally, at least six different trial dates, including the date in question, had been set for defendant with three different attorneys representing him at each of the different scheduled trial dates. Trial had been rescheduled for the fourth time to begin on October 5, 1992; however, the trial again was continued and reset for the fifth time to begin on October 6. Defendant and Michael Mitchell, the public defender representing him on October 5, were notified of the continuance in court.
Prior to the commencement of defendant's trial on October 6, the court stated it understood Mitchell had been transferred to another area and Joiner was in court to represent defendant. Joiner moved for a continuance without specifically alleging the grounds upon which the motion was based, and may even have implied that if instructed to "go forward" by the court he would proceed with the case. Defendant now claims in brief that, although defense counsel did not give grounds for his motion for continuance, the trial court knew the basis for the motion.
We disagree with defendant's contentions. Defense counsel cannot fail to give specific grounds upon which a continuance is sought at the time the motion is made and then later, after the motion is denied and defendant convicted, complain to this court of the denial by listing in brief the grounds upon which the motion for continuance was based. Defense counsel should have set forth the grounds to the trial court and not made the assumption that the trial court was aware of *770 the grounds upon which the motion was based. Additionally, in his brief to this court defendant failed to show any specific prejudice whatsoever he may have suffered due to the trial court's denial of the motion. Therefore, we conclude the trial court did not abuse its discretion in denying defendant's motion for a continuance. This assignment of error is without merit.

ASSIGNMENTS OF ERROR NUMBERS TWO AND FOUR:
Defendant contends the trial court erred in permitting the trial to continue without his presence. He further contends in assignment of error number four the trial court erred in denying his motion for new trial.
Louisiana Code of Criminal Procedure article 831(A) states, in pertinent part:
Except as may be provided by local rules of court in accordance with C.Cr.P. Art. 551, a defendant charged with a felony shall be present:
. . . .
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.
Louisiana Code of Criminal Procedure article 832 provides, in pertinent part:
A defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present.
Defendant was in court on October 6 for jury selection. However, defendant was not present for the continuation of the trial on October 7. The trial court noted for the record that defendant had been present the morning of October 7, but at the time the trial was scheduled to continue defendant had "absented himself." Joiner informed the court he did not know where defendant was at that time. Joiner stated that the last time he saw defendant was about forty minutes earlier when defendant told him he was going to make a telephone call outside the courtroom. Joiner further stated he had looked for defendant continuously but had not seen him since then.
Joiner requested that the court instruct the jury not to draw any negative conclusions or inferences because of defendant's absence. The trial court agreed to give the instructions but stated it would not comment on the reason why defendant was not present. After further discussing the instructions to give to the jury, defense counsel stated to the trial court, "I'm hoping he [defendant] comes back before the end of trial." The court subsequently stated to the jury, "Mr. Addison was present this morning. He is not present and we shall continue with the trial in his absence." Joiner did not move to continue because of defendant's absence, nor did he object to the trial court's proceeding with the trial.
In brief, defendant argues his absence at trial was a structural defect which rendered his conviction "constitutionally infirm." He cites State v. Bindom, 460 So.2d 68 (La.App. 1st Cir.1984), wherein Louisiana Code of Criminal Procedure article 832 was found to be inapplicable when defendant left during a recess after the first day of trial without his attorney's consent and did not return for the second day of trial. However, this case can be distinguished from Bindom. There, defendant did not show up at all the second day of the trial and, because defendant's attorney had to leave for an emergency prior to the resumption of the trial on the second day, a substitute attorney took over the case. Additionally, in Bindom, both original defense counsel and substitute defense counsel requested a continuance due to the defendant's absence, which was denied by the trial court.
Here, defendant was present on the first day of trial. He was also present the morning of the second day of trial. He left, however, after completion of jury selection but before the trial itself commenced. Defendant informed Joiner he was leaving to make a phone call and did not return. Joiner did not ask for a continuance or *771 object to the trial court proceeding in defendant's absence; instead, he requested a special instruction to the jury. Joiner remained and continued to represent defendant throughout the remainder of the trial. Although he stated he was unaware of defendant's whereabouts, Joiner indicated defendant's absence was temporary by stating he was "hoping" defendant would return before the trial was finished.
Defendant freely and voluntarily chose to absent himself from his trial while he left his lawyer to represent him. Defendant chose to abuse his rights and, in doing so, waived them. See State v. Humphrey, 576 So.2d 1104, 1105 (La.App. 3d Cir.1991). This court should not permit defendant to manipulate and frustrate the speedy trial and prosecution of a criminal case by absenting himself from a trial which has already commenced whenever he chooses to do so.
Defendant filed a motion for a new trial based on his absence from trial. The trial court denied defendant's motion and stated that it felt defendant
made a conscious, intelligent, voluntary and free choice to absent himself from his own trial, not allowing his attorney an opportunity to represent him and present a defense; and since he did it voluntarily, with no coercion, no duress, no force, but wanted to leave his trial because he was scared, this court finds that he has no basis for a new trial....
We find no error in the trial court's denial of either the motion to continue or the motion for a new trial. These assignments of error are without merit.[1]

ASSIGNMENT OF ERROR NUMBER FIVE:
Defendant contends the trial court erred in imposing excessive sentences and in failing to consider or apply the sentencing guidelines of Code of Criminal Procedure article 894.1. He argues the trial court sentenced him to twenty years at hard labor on each conviction, even though it calculated a grid cell placement of 2-B, which has a maximum sentence of fifteen years. Defendant claims the trial court gave no reasons or aggravating circumstances for its upward departure from the guidelines.
The statutory penalty for distribution of cocaine when these crimes were committed ranges from a minimum sentence of five years at hard labor to a maximum sentence of thirty years at hard labor, and a possible fine of up to $15,000.00. LSA-R.S. 40:967(B). Thus, defendant's sentences comply with the statutory requirements.
Defendant was sentenced on July 23, 1993, after the effective date of the new sentencing guidelines. Defendant filed a motion to reconsider his sentences, claiming his sentences were unconstitutionally excessive and the trial court failed to consider or follow the sentencing guidelines. The trial court denied defendant's motion to reconsider sentences.
In sentencing defendant, the trial court stated that, after considering defendant's pre-sentence investigation (PSI) and the sentencing guidelines, it found defendant "fell into the grid-cell of 2-B." This grid cell is in the incarceration sanction zone and specifies a range of incarceration from 150 to 180 months. La. sentencing guidelines § 403(A), 18 La.Reg. 962 (Sept. 20, 1992). Upon announcing its determination of the grid cell, the court asked if defense counsel had any objections, to which defense counsel responded that he did not.
The court then gave its reasons for the sentences, stating that the three offenses were distinct and separate occurrences and were not part of the same incident or transaction. Defendant was unemployed and had no work record but had a significant criminal history. Defendant had been placed on probation previously but had performed poorly, and his probation was revoked. According to the PSI, defendant was classified as a third-felony *772 offender[2] with arrests for more than twenty-five crimes. Defendant failed to show remorse or accept responsibility for the instant crimes. He appeared to have a continuing drug and alcohol problem and failed to seek treatment.
The court determined defendant was in need of a custodial environment or correctional treatment as he was a chronic offender. The court stated defendant had very little education and was unable and/or unwilling to be a contributing member of society. Defendant's record indicated he sold drugs for a living and used drugs daily. The court felt there was no reason to believe defendant's lifestyle would change absent a significant incarceration. The court stated defendant was exposed to a total sentence of ninety years; however, due to his addictions, the fact that he sold drugs to undercover officers and not children, and the close proximity in time of the drug sales, "some leniency [was] warranted under the guidelines and the jurisprudence."
A trial court is required to "consider" the felony sentencing guidelines in imposing sentence and to state for the record the considerations taken into account and the factual basis for the sentence imposed. La.C.Cr.P. art. 894.1(A) and (C). Provided the court complies with the requirements of article 894.1, it has "complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted...." State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (on rehearing) (footnote omitted). See State v. Bennett, 623 So.2d 74, 77 (La.App. 1st Cir.1993), writ denied, 93-2128 (La. 3/11/94), 634 So.2d 404. See also LSA-R.S. 15:326(A) and 15:328(B); La.C.Cr.P. arts. 881.4(D), 881.6, and 894.1(A). The supreme court has described our duty as a reviewing court as follows:
[W]here the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Smith, 93-0402, p. 3, 639 So.2d at 240. See also Bennett, 623 So.2d at 78.
It is apparent from the court's comments that it considered the guidelines before imposing the sentences and that it adequately stated the considerations taken into account and the factual basis for the sentences. Thus, we are limited to a review of the sentences for constitutional excessiveness. Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if it shocks the sense of justice, when the crime and punishment are considered in light of the harm to society. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within the statutory limits. State v. Lobato, 603 So.2d 739, 751 (La.1992).
The three offenses committed by defendant were distinct and separate occurrences. Defendant was classified as a third felony offender with a significant criminal history, was unemployed, and had a previous probationary period revoked. Considering the above, we cannot say the trial court abused its discretion in sentencing defendant. This assignment of error is without merit.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] We are troubled by the quandary defendant's action had on his lawyer's strategy. Two defense witnesses were in court when trial began. They left, too, during the progress of the case and were absent when it was time for defendant to present his case. Counsel made no attempt to get the witnesses back to court but simply rested without presenting any evidence. The cumulative effect, if any, of defendant's absence during the entire testimonial portion of the trial, is a matter better left, because of the constraints of this appellate record, for post-conviction relief.
[2] Although defendant claims in his brief that during his sentencing hearing the trial court wrongly stated he was a third felony offender, the PSI clearly indicates defendant was considered a third-felony offender. Thus, the trial court did not err in using this fact as part of its reasons for sentencing.