648 So.2d 1063 (1994)
STATE of Louisiana
v.
Eddie MORGAN.
No. 93 KA 2365.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
*1064 Walter Reed, Dist. Atty., Covington, William R. Campbell, Jr., New Orleans, for appellee State of Louisiana.
James H. Looney, Covington, for appellant Eddie Morgan.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
Defendant, Eddie Morgan, was charged by bill of information with distribution of cocaine, in violation of LSA-R.S. 40:967 A. He pled not guilty and, after a jury trial, was found guilty as charged. Defendant was sentenced to serve a term of imprisonment of fifteen years at hard labor. This appeal follows.

FACTS
On June 24, 1992, defendant sold crack cocaine to an undercover sheriff's officer. The following facts were revealed at the trial. St. Tammany Parish Sheriff's Detective Anthony Brown testified that he was working in an undercover capacity in the Preacher's Oak Subdivision in St. Tammany Parish. Detective Brown testified that, at around 5:30 p.m. on the day in question, he drove into the driveway of a residence, honked his car horn, and a black male came out and stood on the porch. The black male was later identified as defendant. Detective Brown asked defendant "who had the "bolders?" According to Detective Brown, defendant responded that he had some "flippers." Detective Brown told defendant he wanted to purchase some "flippers" and exited his vehicle. Detective Brown followed defendant into the house, and defendant went into another part of the residence. When defendant returned, he displayed nine pieces of what appeared to be crack cocaine. Detective Brown reached into his pocket, withdrew one hundred dollars and gave it to defendant. Detective Brown left the house, met with the surveillance team, and turned over the purchased evidence, which later tested positive for cocaine. Subsequently, defendant was arrested.

ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, AND THREE
Because all of defendant's assignments of error relate to sentencing, we will consider them together. In his first two assignments of error, defendant argues that the trial court erred by imposing a sentence outside of the sentencing guidelines and by failing to lower the sentence upon reconsideration pursuant to defendant's motion to reconsider sentence. Specifically, defendant argues that the recommended sentencing range was six to seven years, and the court imposed a sentence of fifteen years which is more than double the recommended time. In determining the sentence, the trial court considered that defendant is a repeat offender, that his current offense is in the same crime family as his prior conviction, and that defendant was on probation when he committed the instant offense. Defendant argues that these factors are built into the sentencing guidelines and that the court should not have considered them as aggravating circumstances justifying an upward departure. Defendant argues that these factors do not constitute aggravating circumstances and that his case is not significantly atypical to warrant an upward departure from the recommended range under the guidelines. Lastly, defendant argues that his *1065 sentence is nothing more than a needless imposition of pain and suffering and that it makes no measurable contribution to the goals of punishment.
A trial judge is required to "consider" the Felony Sentencing Guidelines in imposing sentence and to state for the record the considerations taken into account and the factual basis for the sentence imposed. LSA-C.Cr.P. art. 894.1 A & C. Provided the court complies with the requirements of article 894.1, the court has "complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted." State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (on rehearing) (footnote omitted). See State v. Bennett, 623 So.2d 74, 77 (La.App. 1st Cir.1993), writ denied, 93-2128 (La. 3/11/94), 634 So.2d 404 (La.1994). See also LSA-R.S. 15:326 A & 15:328 B; LSA-C.Cr.P. arts. 881.4 D, 881.6 & 894.1 A. The supreme court has described our duty as a reviewing court as follows:
[W]here the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
State v. Smith, 93-0402, p. 3, 639 So.2d at 240. See also State v. Bennett, 623 So.2d at 78.
Defendant could have been sentenced to a term of imprisonment of thirty years and a fine of fifty thousand dollars. LSA-R.S. 40:967 B(1). Defendant was sentenced to a term of imprisonment of fifteen years, and no fine was imposed. The trial court noted that defendant was on probation when he committed the instant offense and stated that it was departing from the sentencing guidelines. The court stated that it was familiar with this defendant after having presided at the trial and had considered the PSI (which did not recommend probation and recommended the maximum penalty). Since the trial court specifically stated that it was deviating from the sentencing guidelines, we do not need to address defendant's argument that the factors, which the court deemed aggravating, were already taken into consideration by the sentencing commission when it devised the sentencing scheme.
After a careful review of the record, we find that the sentence imposed is not a needless imposition of pain and suffering, nor does it shock our sense of justice, especially considering that defendant is a repeat offender and committed the instant offense while on probation for an earlier offense. Therefore, for the reasons herein stated, these assignments of error are meritless.

PATENT ERRORS
In his brief, defendant requests that we review for errors patent. Specifically, defendant notes two errors: the trial court failed to give defendant credit for time served and failed to inform defendant of the prescriptive period for application for post-conviction relief as required by LSA-C.Cr.P. art. 930.8 C. Defendant notes that resentencing is not required and requests that the trial court be ordered to give defendant written notice of the prescriptive period.
LSA-C.Cr.P. art. 880 requires the court to give defendant "credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we amend the sentence to reflect that defendant is to be given credit for time served prior to execution of his sentence. See LSA-C.Cr.P. art. 882 A. Resentencing is not required. However, we remand the case and order the trial court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time served.
LSA-C.Cr.P. art. 930.8 C provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for applying for post-conviction relief. A failure to do so on the part of the trial *1066 court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. The trial court is hereby directed to give defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of rendition of this opinion and to file written proof in the record of the proceedings that defendant received the notice. State v. Ray, 623 So.2d 190, 195-96 (La.App. 2nd Cir.), writ denied, 629 So.2d 399 (La. 1993).
CONVICTION AFFIRMED; SENTENCE, AS AMENDED, AFFIRMED; REMANDED WITH INSTRUCTIONS.