657 So.2d 974 (1995)
STATE of Louisiana
v.
Stacy ADDISON.
No. 94-K-2745.
Supreme Court of Louisiana.
June 23, 1995.
David William Price, for applicant.
Richard P. Ieyoub, Atty. Gen., Douglas P. Moreau, Dist. Atty., and Monisa L. Thompson, for respondent.
PER CURIAM[*].
The judgment of the court of appeal is affirmed conditionally. However, the case is remanded to the district court for a hearing on the constitutional claim of ineffective assistance of counsel.
Defendant, charged with three counts of distribution of cocaine, was found to be indigent, and the trial judge appointed the office of the public defender to represent him. The case eventually was set for trial on several occasions. On November 6, 1991, defendant was to be represented at trial by public defender Michael Mitchell; on three trial dates in February and March 1992 he was to be represented by public defender Sean Jackson; and in June 1992 he was to be represented by Mitchell. All of these trial dates were continued. When the trial was reset for October 5, 1992, Mitchell appeared to represent defendant, but the judge continued the trial to the next day.
On October 6, a new attorney, Arthur Joiner, appeared to represent defendant, having appeared with defendant before only for an unsuccessful bail reduction motion at which the judge also denied a preliminary examination after indictment. Joiner moved for a continuance with the following colloquy:

*975 Mr. Joiner: Your honor, we're going to move for a continuance, of course; but if the court instructs us to go forward, we'll
The Court: We're going to go forward. I'm not going to give you a continuance. I understand Mr. Joiner. I am very sympathetic to your situation, but I'm going to indicate to you that that'sthe public defender keeps pulling thesethese public defenders in and out. That's not my problem. I'm going to move my docket forward.
On appeal, defendant assigned the denial of the continuance as error, but the court of appeal held that the issue was procedurally barred because of the attorney's failure to state specific grounds for the motion for continuance. State v. Addison, 93-1872 (La. App. 1st Cir. 10/7/94), 644 So.2d 767.
This court granted certiorari to consider defendant's contention that the trial judge vented her frustrations with the public defender's office by forcing defendant to go to trial despite the last minute substitution of an attorney who was not familiar with his case. 94-2745 (La. 3/30/95), 651 So.2d 849. Under such circumstances, if proved, sanctions must be taken against counsel and not against the defendant. State v. Wisenbaker, 428 So.2d 790 (La.1983).
When a criminal defendant does not receive effective assistance of counsel and is thereby prejudiced, the constitutional violation may entitle the defendant to post-conviction relief. A defendant may also be entitled to relief on direct review if the record supports a conclusion of ineffective assistance which results in substantial prejudice.
This record does not establish ineffective assistance and prejudice. However, a showing by defendant at a subsequent hearing that his new attorney was totally unprepared may entitled him to a new trial. While the court of appeal deemed the attorney's failure to expressly state these grounds as a procedural bar to assigning the denial of a continuance as error, that failure by the attorney may be part of a finding of ineffective assistance. For this reason, and because defendant appeared for all trial dates and did not participate in the day-of-trial substitution of counsel, we deem it appropriate to affirm the conviction conditionally, rather than relegating defendant to post-conviction proceedings, and to order a hearing in the nature of a motion for a new trial based on newly discovered evidence.
We accordingly remand the case to the district court to appoint other counsel for defendant and to conduct a hearing on whether defendant received effective assistance of counsel and, if not, whether prejudice resulted from such failure. See State v. Simmons, 328 So.2d 149 (La.1976). If the trial judge finds ineffective assistance, she may grant a new trial; if the trial judge does not find ineffective assistance, defendant may seek a further appeal, and in the absence of such an appeal, the conviction and sentence will be affirmed.
Accordingly, the conviction and sentence are conditionally affirmed, and the case is remanded to the district court for further proceedings in accordance with this opinion.
NOTES
[*] Judge Morris A. Lottinger, Jr., Court of Appeal, First Circuit, sitting by assignment in place of Justice James L. Dennis. Lottinger, J., not on panel. Rule IV, Part 2, § 3. See footnote in State v. Barras, 615 So.2d 285 (La.1993).