laKUHN, Judge.
The defendant, Tyrone Holmes, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. He pled not guilty and, after trial by jury, was found guilty of the responsive offense of manslaughter, a violation of LSA-R.S. 14:31. He received a sentence of ninety months at hard labor, with credit for time served. The defendant appealed, requesting this court to examine the record for patent error.

FACTS

On the night of October 12, 1992, defendant shot and killed his girl friend, Rachael Jones. Defendant and his cousin, Sedgwick Wilson, were riding around that night in a car belonging to Wilson’s brother-in-law, Louis Williams, Jr. Defendant was driving, and Wilson was in the front passenger seat. Williams was an auxiliary police officer; and he kept his gun, a 9 mm Gloek semi-automatic pistol, inside his car. After stopping to get some beer, defendant drove to a park in Franklinton, Louisiana, where he observed a ear owned by Dexter Hart parked on the shoulder of the road. Hart was in the driver’s seat, and Jones was in the passenger seat. Defendant pulled alongside Hart’s car and began asking Hart if he had been making telephone calls to the house where Jones lived. Defendant noticed Jones was inside Hart’s car. Defendant picked up Williams’ pistol and walked to Hart’s car. He leaned inside the driver’s window and pointed the gun at Hart. Meanwhile, Jones saw defendant approaching with a gun and told Hart to drive away. As Hart began to pull away, defendant ran beside the car a short distance and then fired a single shot through the rear windshield of the car. The bullet broke into fragments as it shattered the rear windshield. The largest bullet fragment struck the victim in the shoulder before entering her lung and heart. She died shortly thereafter. Later that evening, defendant turned himself in at the Franklinton Police Station and admitted the shooting.

ISSUES PRESENTED

Defense counsel has filed a brief requesting only a review for patent error. He also filed a motion to withdraw from the case. In both the brief and the motion to withdraw, defense counsel referred to the procedure outlined in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), which has been cited with approval by the Louisiana Supreme Court. See State v. Royals, 600 So.2d 653 (La.1992); State v. Robinson, 590 So.2d 1185 (La.1992).
lain his motion to withdraw, defense counsel alleged that, after a conscientious examination and review of the record, he has found no non-frivolous issues to present on appeal.[1] A copy of defense counsel’s brief and motion to withdraw were sent to defendant. This Court informed defendant that he had the right to file a brief in his own behalf. Defendant has not filed a pro se brief with this Court.

CONCLUSION

This Court has conducted an independent review of the entire record in this matter. We have found no reversible patent errors. Furthermore, we conclude there are *16 no non-ñivolous issues or trial court rulings which arguably support this appeal. Accordingly, defendant’s conviction and sentence are affirmed. Defense counsel’s motion to withdraw, which has been held in abeyance pending the disposition of this matter, is hereby granted. The district court is hereby directed to give the defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of rendition of this opinion and to file written proof in the record of the proceedings that the defendant received the notice. State v. Morgan, 93-2365, p. 5 (La.App. 1st Cir. 12/22/94), 648 So.2d 1063, 1065-1066.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.

. In his brief to this Court, defense counsel has noted one non-reversible patent error. He correctly observes that patent error occurred as a result of the trial court's failure to advise the defendant of the three year time limitation contained in La.C.Cr.P. art. 930.8 for the filing of post-conviction relief applications.
La.C.Cr.P. art. 930.8(C) provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for applying for post-conviction relief. A failure to do so on the part of the trial court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. State v. Morgan, 93-2365, p. 5 (La.App. 1st Cir. 12/22/94), 648 So.2d 1063, 1065-1066.