665 So.2d 38 (1995)
STATE of Louisiana
v.
Joseph L. LEWIS.
No. 94 KA 2145.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*39 William J. Burris, District Attorney, Franklinton, William R. Campbell, Jr., New Orleans, for Plaintiff-Appellee State of Louisiana.
John R. Simmons, Jr., Public Defender, James H. Looney, Asst. Public Defender, Covington, for Defendant-Appellant Joseph L. Lewis.
Before SHORTESS, PARRO and KUHN, JJ.
PARRO, Judge.
Joseph L. Lewis was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:967(A). Represented by counsel, he appeared for arraignment on October 11, 1993, and entered a plea of "not guilty". Trial commenced before a twelve person jury on April 12, 1994, and at the conclusion of the proceedings on the same day, the jury found Lewis guilty as charged. The court ordered that a presentence investigation be conducted in accordance with LSA-C.Cr.P. art. 875.
Following the return of the presentence investigation report, the disposition of all post-trial motions, and a waiver of all sentencing delays by the defendant, on May 25, 1994, the court sentenced Lewis to serve sixteen years in the custody of the Department of Public Safety and Corrections, with credit for time served in custody awaiting trial.
Lewis timely challenged the sentence by a motion for reconsideration of sentence which was summarily denied by the trial judge.
Lewis then appealed, arguing that the sentence imposed by the court is not in conformity with the sentencing guidelines and is constitutionally excessive.

FACTS
The facts elicited at trial are not seriously disputed.
On the afternoon of August 30, 1993, Detective Patrick Lyons of the Drug Task Force contacted Agent Scott Walters of the Washington Parish Sheriff's office and asked *40 if Walters would participate in an undercover buy/bust drug operation.
Agent Walters agreed and met with the detective and two other officers in the Sheriff's office in Bogalusa that afternoon. He received photostatically-copied money with which to make street-level drug purchases and a vehicle to use during the operation. After testing his two-way radio to make sure it was in working condition, he proceeded to Martin Luther King Boulevard in Bogalusa and parked his truck in front of a bar near Fourth Street.
As soon as he parked his vehicle, a black male approached him and asked what he wanted. Walters replied that he needed a "twenty". The black male went inside the bar momentarily and returned carrying a small, brown-paper-wrapped package. He unravelled the paper and displayed to Walters several white rocks. He gave one to Walters and received in exchange one of the previously copied twenty-dollar bills.
After the transaction was completed, Walters drove off. As he left the area, Walters radioed the other officers, who were waiting out of view, and gave a description of the black male who had made the sale.
The two other officers, within minutes, moved into the area and arrested the defendant, Joseph Lewis, since he matched the description given by Walters. When Lewis was in custody, the officers radioed Walters, who drove by the bar and confirmed by radio that the proper suspect had been arrested.
A subsequent search of Lewis yielded the "marked" twenty-dollar bill and two additional cocaine "rocks" wrapped in a torn piece of brown paper bag.
At trial, Lewis denied both selling cocaine to the officer and having additional cocaine in his possession at the time of his arrest. He testified that he obtained the "marked" twenty-dollar bill from a man who had asked him for change.

REASONS FOR SENTENCING
The defense first argues that the trial court improperly denied defendant's motion to reconsider sentence and relied on inappropriate considerations for exceeding the recommended guideline sentence. Meticulously detailing the aggravating circumstances delineated within the sentencing guidelines which justify an upward departure from the sentence recommended, defense counsel contends that the reasons for sentencing given by the trial judge in compliance with LSA-C.Cr.P. art. 894.1 (in effect at the time of sentencing) were inadequate, according to the guidelines, to justify the sentence imposed.
In State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (on rehearing) the Supreme Court outlined how the sentencing guidelines affect the trial judge's sentencing discretion:
[W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, [footnote omitted] but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Here, the trial judge, after specifying the findings outlined in the presentence investigation report and stating for the record that the defendant fell within grid cell 2-C of the Sentencing Guidelines with a recommended sentence of ninety-six to one hundred and twenty-six months, digressed considerably from the guidelines when he imposed sentence. The reasons he gave for the deviation are excerpted from the transcript:
When I take a look at this, it seems as though nobody wants to give any validity or respect to the system. Here's a person who gets a break. In 1991, September *41 20th, he gets arrested by the Bogalusa Police Department for possession with the intent to distribute, sell, give to other people, marijuana, and then he goes ahead and he gets a break. He's sentenced to five years. They say no, you don't have to do it. We're going to put you on probation. All you need to do is keep your nose clean and go do the things that you're supposed to do. What does this person do? During that time, on August the 14th, 1993, he gets arrested for the second offense of possession of marijuana which is a felony and that's an open charge, it's pending. So what else happens? That's during the time he's on probation. That's when he's been given the break. Is he paying any attention to what's going on here? Does he want to straighten out his life? At some point along the line the public gets tired of this and this is one of the things that the public gets tired of. I think this is a tragedy. I think this is why we're in the shape we're in.
On August 30th of 1993, he gets arrested for possession with the intent to distribute cocaine. It comes before a jury of twelve people and they find him guilty. He's still on probation when he does this offense, and he does this offense within fifteen days of the previous arrest. It just seems to me as though this is a person who wants to remain within a certain criteria [sic] of drug and drug use and he has no regard nor any fear of the system, but he continues to terrorize the neighbors [sic] in which he lives by this type of activity.
The Court feels as though, after reviewing the Sentencing Guidelines, that a deviation of the Sentencing Guidelines is warranted and at this time I'm going to sentence you to spend sixteen years with the Department of Corrections....
The defense contends that the reasons given by the trial judge were inadequate to justify the gross departure from the recommended sentence. He argues in his brief that "the trial court sought to remain within the parameters of the guidelines by making an upward departure based on a factor found within the guidelines themselves."
There is jurisprudence which indicates that a trial judge may only depart from the sentence recommended by the guidelines when he finds that the circumstances of the case or the character and propensities of the offender make the offense or the offender atypical. Moreover, such aggravating or mitigating factors cannot be those previously considered in determining the appropriate sentencing range under the guidelines. See State v. Brown, 616 So.2d 792 (La.App. 2nd Cir.1993); State v. Lowery, 609 So.2d 1125, 1132 (La.App. 2nd Cir.1992), writs denied, 617 So.2d 905 (La.1993).
However, given the trial judge's discretion to completely reject the guidelines' sentence recommendation after considering it, the position is illogical. The Smith decision requires only that the judge consider the guidelines and articulate his reasons for sentencing in compliance with LSA-C.Cr.P. art. 894.1. The Supreme Court emphasized in Smith that when the trial judge adheres to the requirements of LSA-C.Cr.P. art. 894.1 and imposes a sentence within the statutory range, an appellate court is limited to a traditional review of the sentence for excessiveness, regardless of whether the trial court imposed sentence pursuant to the guidelines or outside the range recommended by the guidelines. State v. Smith, 93-0402, p. 8 (La. 7/5/94), 639 So.2d at 242.
Accordingly, once the trial judge considered the guidelines, whether he "departed" from them or "rejected" the recommendation when he "deviated" from it, he was within his discretion to do so without further reference to the guidelines to determine the appropriate sentence to impose. Moreover, once the judge considered the guidelines and complied with LSA-C.Cr.P. art. 894.1, this Court's review of the sentence became limited to a review for constitutional excessiveness. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d at 240.
As the sentencing reasons do not function to justify the imposed sentence against that recommended by the sentencing guidelines, the defendant's challenge to the sufficiency of the reasons given by the trial judge on this basis, both in the motion for reconsideration and on appeal, lacks merit.

*42 EXCESSIVE SENTENCE

The defendant also contends that the sixteen-year sentence imposed by the trial court is constitutionally excessive.
A sentence is constitutionally excessive if it is grossly disproportionate to the crime or is nothing more than the needless imposition of pain and suffering. The determination turns upon the punishment and the crime, in light of the harm to society, and whether the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992). A sentence may be excessive by its length or because the circumstances warrant a less onerous sentencing alternative. State v. Waguespack, 589 So.2d at 1086. A sentence imposed within statutory limits should not be set aside as excessive absent a manifest abuse of discretion. State v. Sepulvado, 367 So.2d 762, 767 (La.1979); State v. Mickey, 604 So.2d 675, 678 (La.App. 1st Cir. 1992), writ denied, 610 So.2d 795 (La.1993).
Citing Smith, the defense acknowledges in brief that the sentencing guidelines do not determine the standard for constitutional excessiveness but contends that they should be used as an aid to the court when evaluating a sentence challenged as excessive.
The Supreme Court in Smith did not mandate that the appellate court consider the guidelines on review of a sentence. The Court held rather that appellate review was to be "traditional" in scope. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d at 242.
In analyzing a sentence imposed for constitutional excessiveness, reviewing courts have examined the sentence to see where it falls with regard to the possible penalty which could have been imposed under the statute for which the defendant was convicted and sentenced, and have scrutinized the record to determine whether there is an adequate factual basis supporting the sentence in light of the individual circumstances of the offense and character of the offender.[1]State v. Larson, 579 So.2d 1050, 1061 (La.App. 3rd Cir.), writ denied, 588 So.2d 1110 (La.1991).
The defendant was convicted of distribution of cocaine. The pertinent penal provision of LSA-R.S. 40:967 reads as follows:
B. Except as provided in Subsection F, any person who violates Subsection A [Manufacture; distribution] with respect to:
(1) A substance classified in Schedule II which is a narcotic drug, ... shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
Accordingly, the sixteen-year sentence received by the defendant only slightly exceeded half the statutory maximum.
As noted by the trial judge, the presentence investigation report classifies Lewis as a second felony offender, who in addition to the instant offense, has a pending prosecution for second offense possession of marijuana. The defendant, at the time of the offense, was twenty-seven years old, unemployed, and on probation for a previous drug conviction. The report also reflects, and the trial judge made particular note of the fact, that less than three weeks prior to the instant offense, the defendant had been arrested for the marijuana charge that was currently pending. Also pertinent to the sentence review is the fact that the defendant has been treated for multi-substance abuse.
In his articulated reasons for sentencing, excerpted previously, the trial judge expressed his belief that this defendant had received a "break" from the court on a prior occasion which had served no purpose. He noted that Lewis' pattern of behavior had not been altered by his brushes with the legal system. The utter disregard that Lewis had for the system was clearly expressed by the rapidity with which he re-engaged in criminal activity following his drug conviction and again following his arrest for second offense *43 possession of marijuana. We conclude, as it is apparent the trial court did, that this defendant has no desire to rehabilitate himself.
A judge's concern with regard to the seriousness of the drug problem in our society is a valid sentencing consideration. Nevertheless, his outrage should not prevent him from imposing an individualized sentence. State v. Vampran, 459 So.2d 1333, 1335 (La. App. 1st Cir.1984). Where, as here, a defendant continues to engage in criminal activity without promise of rehabilitation, the threat to the community that the defendant poses was properly noted. State v. Williams, 94-736 (La.App. 3rd Cir. 12/7/94), 647 So.2d 597, 600.
Likewise important, and considered by the trial judge, was the defendant's unemployment and history of drug abuse. These factors support a belief that, absent a significant period of incarceration, a defendant's lifestyle will not change. Cf. State v. Addison, 93-1872 (La.App. 1st Cir. 10/7/94), 644 So.2d 767, 771-772, conditionally affirmed and remanded on other grounds, 94-2745 (La. 6/23/95), 657 So.2d 974.
Considering the above, we cannot say that the trial judge abused his considerable discretion in sentencing Lewis to a sixteen-year term of imprisonment.

PATENT ERROR
Defense counsel lastly notes in brief that the record does not reflect that the trial judge advised Lewis, at the time of sentencing, of the three year time limitation contained in LSA-C.Cr.P. art. 930.8 for the filing of post-conviction relief applications.
LSA-C.Cr.P. art. 930.8(C) provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for seeking post-conviction relief. However, a failure to do so by the trial court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. See State v. Morgan, 93-2365 (La.App. 1st Cir. 12/22/94), 648 So.2d 1063, 1065-1066, writ denied, 95-0207 (La. 6/2/95), 654 So.2d 1104.
Rather, because we concur in defense counsel's observation, the district court is directed to give the defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that the defendant has received notice.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] LSA-C.Cr.P. art 881.3 describes what constitutes a "record" for the purposes of appellate review of a sentence.