EDWIN A. LOMBARD, Judge.
hThe defendant, Corey Expose, appeals his conviction for attempted possession of heroin, arguing that the trial court’s denial of his motion to continue the trial resulted in ineffective assistance of counsel. After review of the record in light of the applicable law and arguments of the parties, we affirm the defendant’s conviction.

Relevant Facts and Procedural History

The defendant was charged with possession of heroin on January 15, 2009. He pleaded not guilty and, on September 18, 2009, Mr. Arthur Laugand made an appearance as defense counsel. At the motion hearing on March 19, 2010, the defendant was still represented by Mr. Laugand when the trial court found probable cause and denied the defendant’s motion to suppress evidence, but after Mr. Glen Woods appeared as counsel for the defendant at hearings on April 13, 2011, and May 4, 2011, Mr. Laugand filed a motion to withdraw as counsel. On June 22, 2011, a jury trial commenced with Mr. Woods representing the defendant. After the jury was unable to reach a verdict, the court declared a mistrial and Mr. Woods appeared for pre-trial conferences on June 23, 2011, and June 30, 2011, but for the third pretrial conference on July 27, 2011, Ms. Joyce Sallah, an associate |2of Martin Re-gan, appeared for the defendant. At that conference, trial was set for September 14, 2014, and notices were sent to Mr. Regan. Ms. Sallah appeared again for the September 14, 2014, trial setting when the trial was continued by joint motion until October 18, 2011. On that date, Mr. Woods appeared and filed a motion to withdraw from the case, which was denied. The case was continued until December 6, 2011. The December 6, 2011 trial date was later continued and the matter was set for trial on January 11, 2012. The minute entry reflects that Mr. Regan was notified. On January 4, 2012, Ms. Sallah appeared in court to request that an instanter subpoena be issued for trial. On January 11, 2012, Mr. Regan appeared and requested another continuance. Mr. Regan’s motion for a continuance was granted and the trial was set for March 13, 2013. On that date, Ms. Sallah appeared and requested another continuance on behalf of Mr. Regan. The trial court denied the request but, after Ms. Sallah explained that she had been sick and was not prepared for trial, reset the trial for the following day.
On March 14, 2012, Ms. Sallah appeared for trial, filing a motion in limine to exclude reference to defendant’s statement that he had prior convictions and could not “take” a heroin charge. The State acknowledged that any reference to the defendant’s prior convictions would be inappropriate. Thereafter, the following evidence was adduced at trial. Officer Nathaniel Joseph of the New Orleans Police Department (NOPD) testified that on December 29, 2008, he was assigned to the Fifth District Task Force and oh patrol with Officers Travis Brooks and Nicolas Williams on France Street, traveling in a lake bound direction, at approximately 3:30 p.m. From his position as the front seat passenger of the patrol car, Officer Joseph observed that a driver of a vehicle traveling in the opposite direction was not wearing a seatbelt and had an unrestrained infant seated in his | 3lap. In accordance with Officer Joseph’s order to stop the vehicle, Officer Williams activated *888 the lights and siren of the patrol car and pulled in front of the oncoming car.
In addition to the driver, two adult passengers were in the vehicle. Accordingly, upon exiting the police car, Officer Joseph approached driver’s side while Officers Williams and Brooks approached the passenger side of the suspect vehicle. Upon request for his driver’s license, registration and proof of insurance, the defendant (the driver of the vehicle) was unable to produce a driver’s license. After returning to the patrol vehicle and learning that the defendant’s driver’s license had been suspended, Officer Joseph informed him that he was under arrest for operating a vehicle with a suspended license, for a seat belt violation, and for having an unrestrained child in his vehicle. The defendant exited the vehicle and placed the child into the child seat located in the rear of the vehicle. Officer Joseph then handcuffed him with his hands behind his back. While handcuffed, the defendant reached around to his front pants pocket and removed a clear plastic bag containing what Officer Joseph suspected to be contraband. A struggle ensued between Officer Joseph and the defendant with both men falling to the ground. Although Officer Brooks went to Officer Joseph’s aide, the defendant continued to kick violently until Officer Joseph used his electronic control device, a tazer, to subdue him. After being “tazed” twice, the defendant became compliant and Officer Joseph recovered a clear plastic bag containing heroin from Mr. Expose’s hand.
Under cross examination, Officer Joseph could not recall whether he was previously familiar with the two passengers in the vehicle or whether he had ever testified that he knew the other men. He acknowledged that one of the men was |4now deceased. Refreshing his memory by examining the transcript from the first trial, Officer Joseph acknowledged that he had previously testified that he, Officer Brooks, and Officer Williams were all familiar with the other two subjects. Officer Joseph stated, however, that he did not recognize either of the back seat passengers when he told Officer Williams to stop the oncoming car because the distance was just too great to observe who was in the rear seat of the vehicle.
Officer Nicholas Williams testified, confirming that he drove the patrol vehicle on the day in question and, after stopping the .patrol vehicle, approached the passenger side of the vehicle to keep an eye on the occupants while Officer Joseph interviewed the driver briefly and returned to the patrol car. After a few minutes Officer Joseph returned to the vehicle and, as Officer Joseph was about to place the driver under arrest, Officer Williams told the two occupants of the vehicle to step out and move towards the police car. They complied, but as he started to run their names in the computer, he observed Officer Joseph embroiled in a struggle with the driver of the vehicle. Officer Williams stated that it appeared to be a non-compliant stop and that at one point Officer Joseph and the defendant went to the ground. He observed Officer Joseph use his tazer. He stated that eventually Officer Joseph and Officer Brooks were able to get the suspect into handcuffs. According to Officer Williams, neither of the two occupants removed from the car were arrested, being released after a name check was performed.
Prior to being booked at Central Lockup, the defendant was taken to University Hospital. While there, the officers returned the defendant’s money ($900.00) to his wife for household expenses. The child was taken to the Juvenile Division and then released to his mother.
| sOfficer Travis Brooks also testified, confirming that on the day in question he *889 was the rear passenger in the patrol car, traveling north on France Street when Officer Joseph observed a traffic violation. Officer Brooks testified that when he exited the patrol vehicle, Officer Joseph was behind him. While maintaining a watchful eye on the passengers and child, Officer Brooks observed Officer Joseph speak to the driver and then relocate back to the police vehicle. A short time later, Officer Brooks heard a commotion going on. The driver was already in handcuffs, but was combative and a struggle ensued. Officer Joseph removed his tazer and, with Officer Brooks providing hands-on assistance, subdued the handcuffed defendant. Officer Brooks acknowledged that he was familiar with the two passengers from previous encounters.
The jury found the defendant guilty of attempted possession of heroin.
On March 21, 2012, the defendant filed a motion for new trial. On March 27, 2018, the trial court denied the motion for new trial and Ms. Sallah made an oral motion to withdraw. On March 29, 2012, Mr. L. Scott Sherman, an attorney with the Orleans Public Defender’s office, appeared and filed a motion for judgment of acquittal. The court denied the motion and sentenced the defendant to four years at hard labor. A multiple bill hearing was set for May 4, 2012. On March 30, 2012, Ms. Sallah filed a written motion to withdraw as counsel of record. She informed the court that she was no longer employed by Mr. Regan. On May 22, Ms. Heather Hendrix, another attorney associated with Mr. Regan appeared. On June 15, 2012, Mr. Regan appeared and filed a motion to withdraw as counsel of record. On September 25, 2012, the trial court appointed the Orleans Public Defender to represent the defendant. On October 19, 2012, Mr. Regan filed a motion for out-of-time appeal. He also filed a second motion to withdraw as |ficounsel at that time. On January 18, 2013, defendant appeared for sentencing represented by Mr. Donald Donnelly, an attorney with the Orleans Public Defender’s office. Mr. Expose admitted to the allegations of the multiple bill. The trial court sentenced defendant to twenty years at hard labor as a fourth felony offender. Thereafter, the motion for appeal filed on behalf of the defendant was granted.

Error Patent Review

A review of the record reveals one error patent: the trial court sentenced the defendant immediately after denying his motion for post-verdict judgment of acquittal. Although La.Code Crim. Proc. art. 821 requires only that a motion for post-verdict judgment of acquittal be made and disposed of before sentence and does not explicitly require a twenty-four-hour delay in sentencing, this court has applied the twenty-four-hour delay in La.Code Crim. Proc. art. 873 to motions for post-verdict judgment of acquittal. See State v. Wilson, 526 So.2d 348, 350 (La.App. 4 Cir.1988). Nevertheless, it is harmless error for a court to impose a sentence without complying with the twenty-four hour delay when the defendant does not challenge his sentence on appeal. State v. Wheeler, 04-0953, p. 9 (La.App. 4 Cir. 3/9/05), 899 So.2d 84, 89

Defendant’s Assignment of Error

The defendant argues that, because the trial court denied his motion to continue and allowed Ms. Sallah only one day to prepare his defense, he received ineffective assistance of counsel at trial.

Denial of Motion to Continue

First, a decision to grant or deny a continuance lies within “the sound discretion of the trial judge, and a reviewing court will not disturb such a *890 17determination absent a clear abuse of discretion.” State v. Johnson, 96-0950 (La.App. 4 Cir. 2/4/98), 706 So.2d 468, 478-79 (on rehearing).
The defendant’s reliance on State v. Knight, 611 So.2d 1381 (1993), to support his argument is misplaced. In Knight, the defendant was represented by Mr. Joseph Meyer, an attorney with the Indigent Defenders’ Office. On the day of trial, Mr. Meyer was on vacation and another indigent defender, Maurice Hattier, appeared on behalf of Mr. Meyer to “cover” the docket. Mr. Hattier’s request for a continuance was denied and, despite his unfamiliarity with the case, the matter proceeded to trial. Because Mr. Hattier had no opportunity to prepare a defense, however, the Louisiana Supreme Court concluded that the defendant was constructively denied counsel. In this case Ms. Sallah (unlike Mr. Hattier) appeared in court for the defendant on a number of occasions prior to trial and, based on her claim that she had been ill and was unprepared to proceed to trial, the trial court allowed Ms. Sallah a full day to prepare her defense.
Similarly, the defendant’s reliance on State v. Laugand, 99-1124, 99-1327 (La.3/17/00), 759 So.2d 34, is misplaced. In that case, the Louisiana Supreme Court granted the defendant’s application for supervisory review after finding that the record corroborated trial counsel’s assertion he had not prepared his client’s case. In granting relief, however, the Court observed that the trial court had to intervene to keep trial counsel from pursuing matters which appeared directly adverse to his client’s interests. The court also found that the defendant was prejudiced as follows:
Counsel thereby failed to lay the legal groundwork for presenting an alibi defense; subpoenaed a witness under circumstances which suggested not an informed professional assessment that an alibi defense was a viable one but a desperate attempt to cobble together any defense at the last moment; failed even) sto provide the court with all of the information necessary to make a fully informed decision on the continuance motion; and, once trial began, pursued questioning of the state’s witnesses at trial which revealed lack of even a rudimentary knowledge of the circumstances surrounding the investigation of the crime and the arrests of relator and his co-defendant.
Laugand, 759 So.2d at 36.
By contrast, the record in this case does not reflect that Ms. Sallah was unfamiliar with the facts of the case, nor did she pursue any theories adverse to defendant’s interest. Rather, Ms. Sallah effectively cross-examined the three officers, highlighting discrepancies in their testimonies. Moreover, Ms. Sallah gave an opening statement and, although the entirety of her closing argument is not transcribed, there is no indication that her closing argument was adverse to the defendant’s interests. Accordingly, the defendant has not demonstrated that he was prejudiced by the trial court’s refusal to grant more than a day’s continuance.
Finally, State v. Addison, 94-2745 (La.6/23/95), 657 So.2d 974, cited by the defendant is also distinguishable. In that case, the trial court forced the defendant to proceed to trial despite the last minute substitution of an attorney who was not familiar with the case and, upon review, the Louisiana Supreme Court observed the trial judge was venting her frustrations with the public defender’s office by forcing the defendant to proceed to trial. The Court, although acknowledging that the defendant would be entitled to a new trial if he could establish that his attorney was totally unprepared for trial, concluded that *891 the record before it did not establish that the defendant received ineffective assistance of counsel and remanded the matter back to the trial court for an evidentiary hearing. Again, the record in this case indicates that Ms. Sallah was familiar with the case and competently represented 19the defendant. Accordingly, we do not find that the trial court abused its discretion in denying the defendant’s motion for another continuance.

Ineffective Assistance of Counsel

With regard to the defendant’s argument that he received ineffective assistance of counsel at trial, to succeed on this claim he must establish two criteria: (1) that his trial counsel’s performance was deficient and (2) that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also State v. Mercadel, 12-0685, p. 16 (La.App. 4 Cir. 7/24/13), 120 So.3d 872, 882 (claims of ineffective assistance of counsel are generally “relegated to postconviction proceedings, unless the record permits definitive resolution on appeal”).
On direct appeal, the defendant asserts that Ms. Sallah was ineffective because she failed to read the transcript of the previous trial and motion hearing, as well as the police report, and failed to document each officer’s prior testimony in order to confront them with differences in their own testimony and each other’s accounts. He claims that had Ms. Sallah been granted more time to prepare, she would have been able to gain an acquittal. It is also suggested that no one talked to the defendant about subpoenaing the two passengers in the car at the time of his arrest to testify on his behalf.
Because neither the transcript of the prior trial, nor the police report is contained in the record before us, we are unable to determine what, if any, discrepancies Ms. Sallah failed to exploit to the defendant’s advantage during trial. Furthermore, the record is completely silent with respect to what level of preparation Ms. Sallah was able to achieve in the time provided. Additionally, the record is silent with respect to the claim that the defendant would have benefitted if |inthe two passengers had been called to testify. Therefore, because the record is insufficient to adequately address the ineffective assistance issues raised by the defendant, these claims should be addressed in an application for post-conviction relief where he will be afforded the opportunity to develop evidence with regard to his claim. Accordingly, we pretermit any further discussion of this claim.

Conclusion

On the record before us, we do not find that the trial court clearly abused its discretion in denying the defendant’s motion to continue on the record and, accordingly, the defendant’s conviction is affirmed.
CONVICTION AFFIRMED.