445 So.2d 516 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Scott Andrew BEHN, Defendant-Appellant.
No. CR83-499.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*517 John M. Crochet, Rogers, St. Romain & Oubre, Lake Charles, for defendant-appellant.
Leonard K. Knapp, Jr., Dist. Atty., and F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
Scott Andrew Behn, defendant-appellant, was charged and found guilty by a jury of unauthorized use of a movable (a 1979 Ford Van), having a value of over $1,000, in violation of LSA-R.S. 14:68. The State then filed a bill of information charging that the defendant was a second offender under the Habitual Offender Law, LSA-R.S. 15:529.1. After a hearing on the second offender bill the trial court sentenced the defendant "to serve three years in the Department of Corrections".
The assignments of error with which we have to deal are as follows as taken from the brief filed on behalf of defendant-appellant:

"ASSIGNMENTS OF ERROR
"I. The trial court erred in allowing evidence [of] the value of the movable to be introduced where such evidence was beyond the scope of the State's opening argument.
"II. The trial court erred in charging the jury and receiving its verdict without the defendant being present.
"III. The sentence imposed was cruel, unusual and excessive.
*518 "IV. The court failed to state for the record the consideration[s] taken into account and the factual basis therefor in imposing sentence.
"V. (Supplemental assignment of error raised in Motion for Delayed Appeal). The sentence imposed as reflected in the minutes is illegal insofar as it imposes two concurrent terms of three years with the Department of Corrections whereas the defendant was charged with only one count of unauthorized use of a movable as a habitual offender."

FACTS
As may be seen from the assignments listed, the defendant makes no complaint as to the sufficiency of evidence necessary to prove his guilt in the overall sense. The only complaint relative to the finding of guilty is that raised by assignment number one. Such facts as are necessary to understand each assignment of error will be set forth under our discussion of each assignment.
Assignment of Error No. 1.
The defendant alleges that the trial court erred in allowing the State to present evidence of the value of the movable taken because the value was not specifically mentioned in the opening statement by the State. It is correct that the opening statement contains no mention of the value of the van. However, the State attempted to elicit information from the owner concerning the value of the van. At this point the defendant objected to such testimony as being beyond the scope of the opening statement. The objection was overruled by the trial judge.
Defense counsel relies on LSA-C.Cr.P. art. 769 which provides:
"Evidence not fairly within the scope of the opening statement of the state shall not be admitted in evidence.
"If the state offers evidence that was inadvertently and in good faith ommitted from the opening statement, the court, in its discretion may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense."
It is well established that the State must set forth its theory of the case only in "general terms" in the opening statement. LSA-C.Cr.P. art. 766; State v. Chapman, 410 So.2d 689 (La.1982). It is not necessary that the State detail every shred of evidence in an opening statement. It is sufficient for the State to give a general description of the evidence it plans to introduce. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982).
In his opening statement the prosecutor set forth in detail what the State intended to prove in the case: that the defendant, Scott Behn, took a truck, without permission, on November 10, 1982. LSA-C.Cr.P. art. 769, supra, allows the court to admit evidence which the prosecutor inadvertently and in good faith omits from his opening statement. There is no allegation of bad faith on the part of the prosecutor, and the chain of events make it obvious that the exclusion was inadvertent. In all earlier matters the prosecutor clearly indicated the State's intent to prosecute a felony.
On January 3, 1983, the defendant was arraigned on the charge, at which time the defendant requested a jury trial. This indicates that the defendant was aware of the felony offense. Also, prior to trial, the clerk read the bill of information to the court and the jury, clearly indicating that the charge was "unauthorized use of a movable of the value of over $1,000." The defendant was not surprised and his rights were not prejudiced.
The trial court did not abuse its discretion in allowing in the testimony.
Assignment of Error No. 2.
The defendant alleges that the trial court erred by continuing with the proceedings while he was absent. After closing arguments, the prosecutor and defense counsel met in chambers to review the proposed jury charge. After the conference in chambers it was discovered that the defendant *519 could not be located, as he had escaped from the holding room where he had been placed. Defense counsel refused to waive the defendant's presence, and objected to the court proceeding in his absence. The trial judge determined that he would proceed, but, upon defense counsel's request, he admonished the jury to disregard the defendant's absence. The trial court charged the jury, and, following its deliberation, received the guilty verdict without the defendant being present.
The defendant argues that LSA-C.Cr.P. art. 831(5) was violated by the trial judge. This article provides in pertinent part:
"A defendant charged with a felony shall be present:
* * * * * *
"(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and"
* * * * * *
However, the defendant need not be present at the rendition of the verdict if he voluntarily absents himself. LSA-C.Cr.P. art. 831(6). The defendant admits in his brief to this court that the absence was voluntary; therefore, the rendition of the verdict in the defendant's absence was not improper.
The remaining issue is whether the trial judge could charge the jury with the defendant absent. Another exception to the Article 831(5) requirement that the defendant be present at all proceedings is set forth in the LSA-C.Cr.P. art. 832 which provides:
"A defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present. However, the defendant may always object to his absence at the arraignment or plea to the merits, provided the objection is made before the commencement of trial."
The defendant feels that this exception should not be applicable to the instant situation. While he concedes the absence was voluntary, he contends it was not temporary. The basis for this contention appears to be based on the intent of the defendant. The defendant contends he did not intend for his escape to be temporary, and therefore, his absence should not fall within the exception of Article 832. However, as the State points out, this would allow the defendant to manipulate the judicial process.
In this case defendant's counsel was present at all proceedings in which the defendant chose to absent himself. The charging of the jury was not adversarial in nature and did not require any input by the defendant. Also the defendant's further presence could hardly have altered the outcome of the trial.
The evidence presented was clear and overwhelming. The defendant's voluntary removal of himself during the final phase of the proceedings was temporary and falls within the ambit of Article 832.
Assignment of Errors Nos. 3, 4, & 5.
Assignments of error numbered 3, 4 and 5 all relate to the sentence imposed by the court and will be discussed together.
Apparently defendant was not sentenced prior to the time of the filing of the habitual offender bill on March 18, 1983. A hearing on the habitual offender bill and for sentencing was held on April 6, 1983. The defendant admitted that he was the same person named in minutes offered in evidence by the State covering the first offense. Counsel for defendant made a plea to the court for leniency on behalf of defendant. Immediately thereafter the trial court proceeded with the sentencing, and the following is the entire statement given by the trial judge relative to the sentence reflected in the transcript:
"THE COURT: Well, as I appreciate it, I was the Judge in this matter. He didn't see fit to stay around, and so forth, and there wasn't an insanity defense for me to even consider. I'll sentence the defendant to serve three years in the Department of Corrections."
Although the trial judge appears to have intended to impose only one sentence, the *520 minutes covering the April 6, 1983, hearing and sentencing are not in conformity with the utterance of the court. Insofar as is pertinent the minute entry in the court minutes for April 6, 1983, relative to defendant reads as follows:
 "State Charges: #15214-82 Unauthorized Use
 of a Movable
 Vs. No. 15214-82 & #4189-83 Habitual Offender
 4189-83
 Scott Andrew Behn The defendant appears with counsel,
 John Crochet, Esq., this date for sentencing.
 Evidence adduced. At this time, the
defendant through counsel admits that the defendant is the same
person as the person referred to in the Court minutes introduced
dated October 14, 1982 and October 28, 1982. Statement to the
Court by Mr. Crochet. Asst. District Attorney Wayne Frey,
makes a statement to the Court. For complete colloquy, see Court
Reporter's transcript. Thereafter, the Court sentences the
defendant to serve three (3) years in the custody of the
Department of Corrections on each charge, the sentences to run
concurrently with each other." * * * [Emphasis added]
Evidently the drafter of the minutes interpreted the trial court's action as having imposed two sentences. The drafter of the minutes may have made this assumption because the State, in its opening statement on April 6, 1983, referred to the two docket numbers shown at the beginning of the minutes. The prosecutor also stated: "The matter is here, Your Honor, for sentencing, at this point, on the habitual offender and unauthorized use charges".
The defendant urges in his brief that the imposition of two separate concurrent sentences as reflected in the minute entry is illegal. This objection was not timely urged as one of defendant's original assignments of error. We denied defendant an out-of-time appeal on this point. The sentence as it appears in the minutes is illegal on its face. As such it is a patent error which this Court of Appeal should consider without the necessity of an assignment of error. LSA-C.Cr.P. art. 920(2).
LSA-R.S. 15:529.1 governs the filing of an habitual offender bill and the effect of a finding by the court that the defendant is an habitual offender. When a defendant is sentenced under this provision of law, only one sentence should be imposed. It is for the new crime only, but the sentence will be more severe than it otherwise would be had the defendant not been adjudged an habitual offender. The habitual offender proceeding is in the nature of an enhancement of penalty, rather than a prosecution for a crime. State v. Stott, 395 So.2d 714 (La.1981); State v. Walker, 432 So.2d 1057 (La.App. 3rd Cir.1983).
Under the circumstances we have noted, and since we affirm the conviction, we will remand the case to the trial court for resentencing of the defendant to clarify the trial court's intentions. It is possible that the trial court meant to impose an enhanced penalty of imprisonment of three years, a single penalty, and that the minutes simply are in error. However, we are of the opinion that a resentencing will be the appropriate mode of correcting the error. Upon resentencing the trial court can make clear to the drafter of the court minutes that only one offense and one sentence is involved.
We note that a single sentence of three years imprisonment, which the trial court appears to have intended, is less than the penalty which he might have given as an enhanced penalty. In fact, it does not exceed the maximum imprisonment which might have been given under LSA-R.S. 14:68 without enhancement which is three years. With enhancement the sentence could have been for as much as six years, i.e., twice the maximum for a first conviction under LSA-R.S. 14:68. See LSA-R.S. 15:529.1A(1). Inasmuch as the case will be remanded for reimposition of sentence, we decline to consider at this point defendant's assignment of errors 3 and 4. We reserve to defendant the right to reurge these assignments after the reimposition of sentence by the trial court.
For the foregoing reasons the conviction of the defendant is affirmed. The sentence imposed is set aside, and this matter is remanded to the trial court for resentencing of the defendant as a habitual offender consistent with the views expressed above. There is reserved to the defendant, upon resentencing, the right to again file an appeal on the assignments of error listed above as assignments numbered 3 and 4 *521 should the defendant deem such application for relief appropriate.
CONVICTION AFFIRMED: SENTENCE SET ASIDE AND CASE REMANDED FOR RESENTENCING.