460 So.2d 68 (1984)
STATE of Louisiana
v.
Grover BINDOM.
No. 84 KA 0380.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Ossie Brown, Dist. Atty., by Brett Grayson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
On or about April 26, 1983,[1] a man was seen stealing jeans from the J.C. Penney Store on Plank Road in Baton Rouge, Louisiana. An employee saw this man discreetly rolling up jeans and putting them into a large bag. The man left the store and was eventually chased by a manager and security guard. He escaped, however, by entering a car driven by another man. Before they fled the area, another employee obtained the license plate number and gave the information to the security guard. Through this information and a follow-up investigation, the police arrested defendant, Grover Bindom, for the theft.
Defendant was charged by bill of information with felony theft in violation of La.R.S. 14:67. Defendant pled not guilty. *69 After a preliminary examination, the trial court found probable cause for the charge. On November 9, 1983, the case was called for trial and a six member jury was selected and sworn. The trial judge admonished the jurors and released them for the rest of the day. The next day defendant failed to appear for the resumption of trial and a bench warrant was issued for his arrest. The trial judge waited a short time for defendant to appear and then resumed trial after refusing defense counsel's request for a continuance. Initially, defendant's assigned counsel from the public defender's office was present. Due to an emergency, she left prior to the resumption of trial. Another attorney was substituted for assigned counsel and the trial judge resumed trial. The trial court denied new defense counsel's motion for continuance based upon his lack of preparation and defendant's absence. The jury found defendant guilty of theft of 24 pair of jeans valued at five hundred dollars or more. On January 23, 1984, defendant was present in court represented by counsel from the public defender's office. Defendant was found guilty of contempt of court and sentenced to six months in parish prison. On the felony theft conviction, he was sentenced to the maximum sentence of ten years at hard labor, with credit for time served. This sentence was to run consecutively to the sentence for contempt.
Defendant appeals his theft conviction and sentence, alleging nine assignments of error. Assignment of error number three was not briefed and therefore is considered abandoned. Rule 2-12.4, Uniform Rules of the Courts of Appeal; State v. Kent, 434 So.2d 1258 (La.App. 1st Cir.1983), writ denied, 440 So.2d 727 (La.1983). Since we find merit in assignment of error number one, we will consider no other assignments.

ABSENCE OF DEFENDANT
Defendant contends the trial court erred in allowing the trial to proceed, in charging the jury, and in accepting the verdict in his absence.
La.C.Cr.P. art. 831 provides:
A defendant charged with a felony shall be present:
(1) At arraignment;
(2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made;
(3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself;
La.C.Cr.P. art. 832 provides that: "[a] defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present." Thus, for a waiver to be effective, the defendant's attorney must be present and the absence must be voluntary and temporary.
Defendant contends that, since the record reveals that his absence was not temporary, La.C.Cr.P. art. 832 was erroneously applied. The state argues that the word "temporary" should not be construed too narrowly. In addition, it contends that a determination of the temporariness of the absence must be made at the beginning of the absence. Furthermore, the state argues that the trial judge reasonably assumed that defendant would be arriving soon.
There is limited jurisprudence on the interpretation of Article 832, especially on the meaning of the word "temporary". Official Revision Comment (b) to Article 832 states:
(b) Rights of absent defendants, whose voluntary absence create the problem, are fully protected by the stated *70 limitations. The waiver is only effective if his attorney is present, and if the absence is of a temporary nature. Possibly the second limitation would apply even if it were not spelled out, for "due process" would require that the defendant should not be tried if he completely absents himself after the arraignment. Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). The absences where a waiver has been recognized have been of fairly short duration.
In State v. Bolton, 408 So.2d 250 (La. 1981), the defendant voluntarily left the courtroom, with his attorney's acquiescence, during the examination of a witness. The Louisiana Supreme Court held that, under La.C.Cr.P. art. 832, defendant could not object to continuance of trial in his absence. In the present case, however, defendant left during a recess after the first day of trial; he did not return on the second day of trial nor did his attorney agree to the absence.
The state also cites State v. Behn, 445 So.2d 516 (La.App. 3rd Cir.1984), a Third Circuit case interpreting Article 832. In Behn the defendant escaped from the holding room where he had been placed after closing arguments and prior to jury charges. The trial judge determined that he would proceed, and he charged the jury in the absence of the defendant. The guilty verdict was also returned without the defendant being present. In that case, the defendant conceded his absence was voluntary, but contended that he did not intend for his escape to be temporary. The Third Circuit agreed with the State that a finding that the absence did not fall within the exception of Article 832 would allow defendant to manipulate the judicial process.
In holding that Behn's absence was voluntary and temporary and within the ambit of Article 832, the Third Circuit stated:
In this case defendant's counsel was present at all proceedings in which the defendant chose to absent himself. The charging of the jury was not adversarial in nature and did not require any input by the defendant. Also the defendant's further presence could hardly have altered the outcome of the trial. State v. Behn, 445 So.2d at 519.
The instant case is distinguishable from Behn. Defendant was absent from the adversarial portion of the trial, including the presentation of evidence and cross examination of witnesses, which might have required his input. In addition, defense counsel only became involved when defendant's assigned counsel had to leave for an emergency the second day of the trial.[2] Given defense counsel's lack of preparation, defendant's presence might have had an effect on the trial. Defendant was in effect tried in absentiaa patent denial of due process. Snyder v. Massachusetts, supra.
Thus, in this case, we find that defendant's absence does not fall within the scope of Article 832 which requires a temporary absence for an effective waiver. Since defendant was neither present as required during the important stages of trial nor waived his presence, the trial court erred in proceeding with the trial.
Because we find grounds for reversal based on this assignment of error, we find it unnecessary to discuss the merits of defendant's remaining assignments of error.
*71 For the foregoing reasons, defendant's conviction is reversed and his sentence vacated and this matter remanded to the trial court for further proceedings.
CONVICTION REVERSED, SENTENCE VACATED, REMANDED.
NOTES
[1] The employees were asked by the prosecutor to recall the events of April 26, 1983, and they indicated this was the date of the offense. The bill of information recites the date as "on or about the 26th day of April 1983". However, two security guards testified the theft occurred on April 21, 1983.
[2] Failure of the trial judge to grant a continuance for this reason is cited as error. This is a misnomer that confuses what the trial court could have done. A continuance shall not be granted after commencement of a trial or hearing. La.C.Cr.P. arts. 708 and 761. Here the trial court could have recessed the trial while attempt was made to execute the bench warrant. Contempt and bond forfeiture proceedings could have been invoked for defendant's unauthorized absence. If it was impossible to execute the bench warrant within a reasonable time, a mistrial could have been declared under La.C.Cr.P. art. 775, the proper sentences imposed and the proceedings recommenced at a later date. Although defendant may have intentionally disrupted the orderly proceedings of the court, such actions could have been dealt with through contempt, bond forfeiture and bond setting procedures that would have resulted in severe sanctions. What cannot be done is a trial in absentia.