956 So.2d 1 (2007)
STATE of Louisiana
v.
TREMAIN Dixon P.
No. 06-KA-438.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 2007.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Frank A. Brindisi, Assistant District Attorneys, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Gwendolyn K. Brown, Attorney at Law, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Defendant, Tremain Dixon P., appeals from his guilty plea to one count of possession of heroin and one count of possession of cocaine, and his two concurrent five-year sentences. We affirm.
On November 10, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, in count one, with possession of heroin, a violation *2 of La. R.S. 40:966 C; and in count two, with possession of cocaine, a violation of La. R.S. 40:967 C. Defendant was arraigned on November 12, 2004, and pled not guilty to both charges. On July 22, 2005, the State amended count one of the bill of information, increasing the charge to possession with intent to distribute heroin. Defendant was arraigned on the amended charge and pled not guilty.
Defendant filed omnibus pre-trial motions. The trial court heard and denied his motion to suppress evidence on March 22, 2005. Defendant filed an application for writs to this Court from the trial court's ruling, which was denied.[1]
On February 6, 2006, the State amended count one of the bill of information again, reducing the charge to simple possession of heroin. On the same day, defendant withdrew his not guilty pleas and pled guilty as charged to both counts in the amended bill. The trial court sentenced defendant to five years at hard labor on each count, directing that the sentences be served concurrently with each other and with any other sentence defendant was serving. Defendant filed a timely Motion to Reconsider Sentence, which the trial court summarily denied. This timely appeal follows.
Since defendant's convictions resulted from a guilty plea, the known facts in this case are derived from the suppression hearing testimony and are as follows. In the course of a traffic stop, the defendant was found by the arresting officer to be in possession of a bag containing eight smaller bags of marijuana, one small bag of cocaine, and thirteen foil packets of heroin.
In his sole assignment of error, defendant complains the trial court erred in denying his motion to reconsider sentence without a hearing. Defendant argues the sentences he received at the time of his guilty pleas were greater than those his attorney had negotiated with the State at an earlier time.[2] Defendant moves this Court to remand this case to the trial court for a hearing on the motion to reconsider sentence.
The State responds there is no evidence in the record of a prior plea agreement; and if there was such an agreement at one time, it was no longer in effect at the time of defendant's guilty pleas. The State argues the trial court did not err in denying defendant's Motion to Reconsider Sentence because defendant entered his guilty pleas knowingly and voluntarily, after the trial court apprised him on the record of his constitutional rights and of the sentences that would be imposed. In any case, the State argues, defendant cannot seek review of sentences imposed in conformity with a plea agreement.
We first note that the trial court did not err in denying defendant's motion to reconsider sentence without first holding a hearing on the matter. La.C.Cr.P. art. 881.1 D provides, in pertinent part, "[t]he trial court may deny a motion to reconsider sentence without a hearing . . . If the court denies the motion without a hearing, the party who made or filed the motion may proffer the evidence it would have offered in support of the motion." The record does not show that defendant objected *3 to his sentences at the time they were imposed, or that he attempted to proffer any evidence below to show he had agreed to lower sentences as part of a prior plea bargain.
La.C.Cr.P. art. 881.4 C provides, "[i]f necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing." We find no basis for remanding for an evidentiary hearing on defendant's motion. The record shows that on February 6, 2006, defendant signed a Waiver of Constitutional Rights Plea of Guilty form. By initialing and signing the form, defendant indicated that he understood and wished to waive his rights to trial by jury and confrontation, and his privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The attorney representing defendant at the guilty plea hearing also signed the form. That form set forth defendant's sentencing exposure and showed he would receive two five-year sentences if he pled guilty.
The guilty plea transcript shows the trial judge asked defendant if his attorney had fully explained the rights listed on the guilty plea form, and defendant responded affirmatively. The trial judge informed defendant of the sentencing ranges of the charged offenses, and informed defendant he would receive a sentence of five years on each count, to run concurrently with each other. Defendant acknowledged that he understood his rights, and the trial court accepted his guilty pleas and imposed the five-year sentences.
The sentencing function is solely within the province of the trial judge. See, State v. Prater, 337 So.2d 1107, 1108 (La. 1976). Even if, as defendant claims, his trial counsel negotiated a particular sentence with the prosecutor prior to defendant's writ application, the trial court retained the discretion to reject such an agreement. State v. Collins, 359 So.2d 174, 176 (La.1978). We are mindful that a defendant may not be punished for seeking appellate redress. However, there is nothing in the record to show that the trial court ever offered defendant lesser sentences than those he eventually imposed.
Finally, we note that La.C.Cr.P. art. 881.2 A(2) provides a defendant may not appeal a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. Defendant's five-year sentences were clearly agreed upon as part of a plea bargain. Therefore, he is not entitled to challenge them on appeal.
For the foregoing reasons, affirm defendant's convictions and sentences.
AFFIRMED.
NOTES
[1] State v. Dixon, 05-K-442 (La.App. 5 Cir. 5/11/05). A subsequent application was also denied by the Louisiana Supreme Court. State v. Dixon, 05-KK-1551 (La.12/16/05), 917 So.2d 1117
[2] In his Motion to Reconsider Sentence, defendant noted that he had rejected the earlier plea offer because he "desired to see the outcome of his petition in the Louisiana Supreme Court first."