# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-538 consolidated with 17-696

**STATE OF LOUISIANA**

**VERSUS**

**CURTIS CHELEY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89944
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Curtis Cheley**

**Hon. Asa Allen Skinner**
**Thirtieth Judicial District Attorney**
**Terry W. Lambright**
**First Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71446-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GREMILLION, Judge.**

Defendant, Curtis Cheley, appeals his conviction for aggravated second degree battery and his sentence therefore and, in a consolidated appeal, his adjudication as a third felony offender. For the reasons that follow, we affirm his conviction, vacate his sentence, and remand for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL POSTURE

On June 28, 2016, Sergeant Jerol Morrow of the Leesville Police Department was dispatched by a 9-1-1 operator to an incident involving Defendant. Sergeant Morrow knew Defendant and where he was living, so the sergeant proceeded to that location. On arrival, Sergeant Morrow witnessed Defendant on the ground struggling with a woman. Defendant was seen striking the woman and yelling at her, "Where's my kids? Where's my kids?" Sergeant Morrow, a trailing officer, and Deputy Paul Davis of the Vernon Parish Sheriff's Office, attempted to restrain Defendant. Sergeant Morrow was forced to administer pepper spray to effect the arrest of Defendant.

The woman Defendant battered was unresponsive to Sergeant Morrow's attempts to speak to her. Her face was very swollen, and her mouth was bloodied. She was identified as Ms. Mary Pittmon. Ms. Pittmon had been staying at Defendant's aunt's house, where Defendant also was residing.

Defendant and Ms. Pittmon were alone in the house on the morning of June 28, 2016. Ms. Pittmon was seated on the couch. Defendant was talking with someone on his phone, and stated, "I'm gonna take her out." Ms. Pittmon had no idea to whom Defendant was referring until he grabbed a red pipe, tucked it under his arm, and strode toward her with evident intent to strike her. Defendant struck Ms. Pittmon twice with the pipe, once on the head and once on her arm. Ms.

Pittmon attempted to stand up, but slipped. Defendant then began to choke Ms. Pittmon with the pipe. He then lifted Ms. Pittmon and moved her toward the front door. Outside, Defendant pushed Ms. Pittmon to the ground on her stomach and began to punch her with his fists. Defendant was angrily asking Ms. Pittmon why she did not "feed his kids," whom Ms. Pittmon had never met. The beating continued until Sergeant Morrow intervened.

As a result of the beating, Ms. Pittmon sustained a broken tooth, mouth lacerations, and several bruises. She was transported to Byrd Memorial Hospital in Leesville, then to LSU Medical Center in Shreveport. This hospital move was necessitated by tachycardia Ms. Pittmon was experiencing following the battering.

On September 6, 2016, the State filed a bill of information charging Defendant with aggravated second degree battery, a violation of La.R.S. 14:34.7. The parties selected a six-member jury on January 17, 2017. The jury began hearing evidence on the same date. Proceedings continued on the following day, and the jury found Defendant guilty as charged.[1]

On January 31, 2017, the State filed a bill of information charging Defendant as a third habitual offender, pursuant to La.R.S. 15:529.1. The trial court heard the matter on the same date and adjudicated Defendant as charged.[2] On March 14, the court sentenced Defendant to twenty-two-and-one-half years at hard labor. In imposing this sentence, though, the trial court stated that the sentence was imposed without regard to habitual offender enhancement. Defendant now seeks review by this court.

---

[1] The appeal of this matter bears our docket number 17-538.
[2] The appeal of the habitual offender adjudication bears our docket number 17-696.

2

## ANALYSIS AND DISCUSSION

*Errors patent*

We review all appeals for errors patent, pursuant to La.Code Crim.P. art.920. We find none in this case.

*Sufficiency of the evidence*

Defendant's first assignment of error contends that the evidence adduced at trial was not sufficient to support his conviction of aggravated second degree battery. This assignment of error lacks merit.

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The elements of aggravated second degree battery are set forth in La.R.S. 14:34.7, which states in pertinent part:

> A. Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury.

> B. For purposes of this Section, the following words shall have the following meanings:

> . . . .

3

(3) "Serious bodily injury" means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.

Defendant contends that the State failed to prove serious bodily injury occurred. The victim had significant facial injuries. The treating physician, Dr. Maurice L. Prince, Jr., testified Ms. Pittmon was "an obvious victim of a battery" and "it's obvious that she was not only hit once but several times." One of her eyes was swollen nearly shut, she had a broken tooth, and badly lacerated lip that the victim testified required stitches.

In his argument, Defendant asserts: "She had contusions, lacerations, a broken tooth and some pain, but that does not rise to the level of 'serious bodily injury.'" He adds, "Evidence of extreme physical pain is lacking." Ms. Pittmon's testimony indicates disagreement with Defendant on this point. Defendant struck her several times with a pipe, which he then used to strangle her. Ms. Pittmon almost lost consciousness during this attack. While strangling Ms. Pittmon, Defendant brought his weight to bear on her by kneeling on her neck. Defendant hurled Ms. Pittmon out of the house and began to pummel her with his fists. Ms. Pittmon feared for her life.

In *State v. Jackson*, 02-1250 (La.App. 3 Cir. 2/5/03), 838 So.2d 841, *writ denied*, 03-832 (La. 10/17/03), 855 So.2d 759, we conducted an exhaustive examination of the jurisprudence and rejected similar contentions regarding whether injuries like Ms. Pittmon's constituted serious bodily injury. This assignment of error lacks any merit.

4

*Excessive sentence and habitual offender status*

Defendant's remaining assignments of error attack his sentence and his adjudication as a repeat offender. Defendant was adjudicated a third-felony offender. Under the terms of La.R.S. 15:529.1(A)(3)(a), a person convicted of a third felony "shall be sentenced to imprisonment for a determinate term not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction." A conviction of aggravated second degree battery is punishable by a fine of not more than $10,000.00 or imprisonment, with or without hard labor, for not more than fifteen years, or both. La.R.S. 14:34.7(C). Defendant was sentenced to twenty-two-and-one-half years, about which the trial court stated, "[P]ursuant to the Code of Criminal Procedure Article 894.1D, your sentence imposed was not enhanced upon the basis of any habitual offender proceedings or enhancement statutes." Because the sentence was not imposed pursuant to enhancement, it exceeded the maximum term of imprisonment allowed for the offense of aggravated second degree battery.

Defendant argues that the habitual offender hearing was defective because the evidence of his guilty plea to one of his previous convictions, possession of cocaine, did not demonstrate that he waived his right to a jury trial. This, Defendant argues, fails to show that he was properly advised of his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969): the protection against self-incrimination guaranteed by the Fifth and Fourteenth Amendments; the right to trial by jury guaranteed by the Sixth Amendment; and the right to confront one's accusers, also guaranteed by the Sixth Amendment.

The State argues that, at the time he was adjudicated a habitual offender, Defendant failed to object to the use of this guilty plea. We note that Defendant indeed failed to object to this evidence at the adjudication hearing. Louisiana

Revised Statutes 14:529.1(D)(1)(b) requires that a defendant who contends that his previous convictions was invalid or unconstitutionally-obtained "shall file a written response to the information. . . set[ting] forth his claim, and the factual basis therefor, with particularity. . . The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response." However, the Louisiana Supreme Court has held that defendants are allowed to collaterally attack the validity of a guilty plea used in habitual offender adjudications, despite not having objected as required in La.R.S. 15:529.1. *State v. Balsano*, 09-735 (La. 6/19/09), 11 So.3d 475. If the State proves the existence of a guilty plea and that the defendant was represented by counsel, the defendant must come forward with affirmative evidence showing an infringement of his rights or a procedural irregularity. The burden then shifts to the State. If the State can produce a "'perfect' transcript" of the plea, it meets its burden; if not, the judge must then weigh whether the State proved that the plea was informed and voluntary. *State v. Shelton*, 621 So.2d 769, 775 (La.1993).

In this matter, the court minutes and transcript both reflect that Defendant was advised of his right to trial. Neither reflect that Defendant was advised of his right to trial by jury. The waiver of rights form referenced in the transcript was not entered into evidence at the habitual offender hearing.

Defendant argues that the failure to object to the introduction of this conviction constitutes ineffective assistance of counsel. We feel it unnecessary to reach such a determination, because, as noted above, the sentence Defendant received was impermissibly excessive, as it was not enhanced by his habitual offender status. Accordingly, we vacate the sentence and remand the matter to the district court for resentencing. We further remand for a hearing to determine

6

whether Defendant's plea to the possession of cocaine charge was informed and voluntary.

**DECREE**

For the foregoing reasons, the conviction of Defendant, Curtis Cheley, of aggravated second degree battery is affirmed. His sentence of twenty-two-and-one-half years at hard labor is vacated, and the matter is remanded for an evidentiary hearing to determine whether Defendant's plea of guilty to possession of cocaine was informed and voluntary and for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**