# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-805

**STATE OF LOUISIANA**

**VERSUS**

**CURTIS CHELEY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89944
HONORABLE MARTHA A. O'NEAL, AD HOC JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 82389
Lafayette, LA 70598-2389
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
    Curtis Cheley

Asa A. Skinner
District Attorney, Thirtieth Judicial District Court
Terry W. Lambright
Lea Hall
Assistant District Attorneys
P. O. Box 1188
Leesville, LA 71446
(337) 239-2008
COUNSEL FOR APPELLEE:
    State of Louisiana

Curtis Cheley
David Wade Correctional Center
670 Bell Hill Road
Homer, LA 71040-2150
PRO SE

**SAUNDERS, Judge.**

Defendant, Curtis Cheley, is once again before this court seeking review of his sentence. In a previous appeal, this court affirmed Defendant's conviction for aggravated second degree battery. *State v. Cheley*, 17-538, 17-696 (La.App. 3 Cir. 1/4/18), 237 So.3d 58. Although the trial court had adjudicated Defendant a third habitual offender, this court found a statement made by the trial court at sentencing indicated the sentence was not being enhanced. Since aggravated second degree battery is punishable by not more than fifteen years, this court found the trial court's imposition of a sentence of twenty-two-and-one-half years exceeded the maximum term of imprisonment allowed for aggravated second degree battery. Thus, this court vacated the sentence imposed and remanded the matter for resentencing. *Id.* at 63. Additionally, pursuant to Defendant's assigned error, this court remanded the case for a hearing to determine whether one of the guilty pleas used as a predicate for Defendant's habitual offender adjudication was informed and voluntary. *Id.*

On June 20, 2018, the trial court held an evidentiary hearing as to the voluntariness of Defendant's predicate guilty plea. Finding Defendant's predicate guilty plea was constitutionally entered, the trial court again adjudicated Defendant a third habitual offender. The trial court then imposed a sentence of fifteen years at hard labor for aggravated second degree battery and a separate sentence of seven and one-half years at hard labor for Defendant's adjudication as a third habitual offender. The trial court ordered the sentences to run consecutively. Thus, Defendant received a total sentence of twenty-two-and-one-half years at hard labor.

Defendant filed a Motion to Reconsider Sentence on June 27, 2018, alleging the sentence imposed was excessive and illegal since a single sentence was not imposed. The trial court denied the motion without a hearing. Thereafter, on July 5, 2018, Defendant filed a Motion for Appeal and Designation of Record. The trial

court granted the motion on July 10, 2018. Pursuant to Defendant's motion for appeal, two separate appellate records were filed in this court. By order dated October 11, 2018, this court consolidated the appeals. In both docket numbers, appellate counsel filed the same brief alleging two assignments of error as to the sentences imposed. Defendant also filed a pro se brief alleging three assignments of error as to the sentences imposed. For the reasons discussed, we find that the sentences must be vacated as illegal and the case again remanded for resentencing.

**FACTS:**

The following facts were set forth in this court's previous opinion:

On June 28, 2016, Sergeant Jerol Morrow of the Leesville Police Department was dispatched by a 9–1–1 operator to an incident involving Defendant. Sergeant Morrow knew Defendant and where he was living, so the sergeant proceeded to that location. On arrival, Sergeant Morrow witnessed Defendant on the ground struggling with a woman. Defendant was seen striking the woman and yelling at her, "Where's my kids? Where's my kids?" Sergeant Morrow, a trailing officer, and Deputy Paul Davis of the Vernon Parish Sheriff's Office, attempted to restrain Defendant. Sergeant Morrow was forced to administer pepper spray to effect the arrest of Defendant.

The woman Defendant battered was unresponsive to Sergeant Morrow's attempts to speak to her. Her face was very swollen, and her mouth was bloodied. She was identified as Ms. Mary Pittmon. Ms. Pittmon had been staying at Defendant's aunt's house, where Defendant also was residing.

Defendant and Ms. Pittmon were alone in the house on the morning of June 28, 2016. Ms. Pittmon was seated on the couch. Defendant was talking with someone on his phone, and stated, "I'm gonna take her out." Ms. Pittmon had no idea to whom Defendant was referring until he grabbed a red pipe, tucked it under his arm, and strode toward her with evident intent to strike her. Defendant struck Ms. Pittmon twice with the pipe, once on the head and once on her arm. Ms. Pittmon attempted to stand up, but slipped. Defendant then began to choke Ms. Pittmon with the pipe. He then lifted Ms. Pittmon and moved her toward the front door. Outside, Defendant pushed Ms. Pittmon to the ground on her stomach and began to punch her with his fists. Defendant was angrily asking Ms. Pittmon why she did not "feed his kids," whom Ms. Pittmon had never met. The beating continued until Sergeant Morrow intervened.

As a result of the beating, Ms. Pittmon sustained a broken tooth, mouth lacerations, and several bruises. She was transported to Byrd Memorial Hospital in Leesville, then to LSU Medical Center in Shreveport. This hospital move was necessitated by tachycardia Ms. Pittmon was experiencing following the battering.

*Id*. at 60.

## ASSIGNMENT OF ERROR NO. 1:

Defendant contends the trial court imposed an illegal sentence since it imposed two sentences when it should have imposed only one enhanced sentence. The State agrees with Defendant. As will be discussed, we also agree that the sentences imposed are illegal.

The trial court stated the following at sentencing:

In the underlying matter, which is filed in Vernon Parish Docket Number 89,944 - - I think that's eight - - 89,944-945, that being the underlying matter - - the aggravated second degree battery - - for which, um, the defendant was found on January 18th, 2017 to be guilty of aggravated second degree battery, it is the sentence of the court that you're sentenced to 15 years Department of Correction at hard labor. The Court having found the defendant a third-time felony offender and adjudicated as the same and for the reasons previously stated relating to that, at this time, the sentence for that, at this time, is an additional seven and a half years Department of Correction at hard labor to be consecutive to the 15 so that your total sentence is 22 and one-half years at Department of Correction at hard labor.

Defendant filed a Motion to Reconsider Sentence alleging the fifteen-year sentence imposed for aggravated second degree battery was excessive. Defendant also alleged that the imposition of an additional separate sentence for Defendant's habitual offender adjudication was illegal:

Mover avers that the imposition of sentence in this fashion was an illegal sentence and was an erroneous procedure.

The habitual offender status is an enhancement provision and not a separate crime itself. Mover avers that if the Court intended to impose the sentence in the way that it did, the Court should have vacated the underlying sentence and imposed a flat sentence of a determinate nature and stated that the sentence as imposed had been enhanced.

3

Mover contends that the sentence as it was worded and was imposed was improper.

The trial court denied the motion to reconsider without a hearing.

Louisiana Revised Statutes 15:529.1(D)(3) provides as follows:

When the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling.

Since a trial court is required to vacate the previous sentence before imposing an enhanced sentence under the habitual offender penalty provisions, it is clear that only one enhanced sentence should be imposed when a defendant is adjudicated a habitual offender. In *State v. Behn*, 445 So.2d 516, (La.App. 3 Cir. 1984), this court addressed a similar issue in that the minutes showed the trial court had imposed two concurrent sentences after adjudicating Behn an habitual offender – three years for the felony being enhanced (unauthorized use of a movable) and three years for Behn's habitual offender adjudication. Addressing Behn's argument that the imposition of two separate sentences was illegal, this court stated the following:

LSA–R.S. 15:529.1 governs the filing of an habitual offender bill and the effect of a finding by the court that the defendant is an habitual offender. When a defendant is sentenced under this provision of law, only one sentence should be imposed. It is for the new crime only, but the sentence will be more severe than it otherwise would be had the defendant not been adjudged an habitual offender. The habitual offender proceeding is in the nature of an enhancement of penalty, rather than a prosecution for a crime. *State v. Stott*, 395 So.2d 714 (La.1981); *State v. Walker*, 432 So.2d 1057 (La.App. 3rd Cir.1983).

*Behn*, 445 So.2d at 520. Although the sentencing transcript reflected the imposition of only one three-year sentence, this court decided that remand of the case for resentencing was the appropriate mode of correcting the error in the minutes. *Id.* This court reasoned that upon resentencing, the trial court could make "clear to the

4

drafter of the court minutes that only one offense and one sentence [was] involved."
*Id.*

The error in the present case is clear since the transcript of sentencing shows the trial court undoubtedly imposed two separate sentences and even ordered the sentences to be served consecutively. Finding that this assignment has merit, we vacate the sentences imposed and remand the case for resentencing in accordance therewith.

## ASSIGNMENT OF ERROR NO. 2:

In the event this court found the sentences imposed were legal, Defendant argues the sentences are excessive. Based on our finding in the previous assignment, this assignment of error is moot.

## PRO SE ASSIGNMENT OF ERROR NO. 1:

Defendant argues his constitutional right against double jeopardy was violated by the trial court's imposition of an enhanced sentence when the case was originally remanded by this court for resentencing. Defendant bases his argument on the fact that in this court's original opinion, this court found the twenty-two-and-one-half-year sentence originally imposed by the trial court was not an enhanced sentence since the trial court specifically advised Defendant that it was not enhanced. *See Cheley*, 237 So.3d at 58. Defendant had already been adjudicated a third habitual offender, however, and pursuant to Defendant's assigned error, this court ordered a hearing upon remand as to whether one of the predicate guilty pleas was constitutionally entered. *Id*. At the hearing, the trial court found Defendant's predicate guilty plea was constitutionally entered, and the trial court again adjudicated Defendant a third habitual offender. The trial court then imposed a sentence of fifteen years at hard labor for aggravated second degree battery and a separate sentence of seven and one-half years at hard labor for Defendant's

5

adjudication as a third habitual offender. The trial court ordered the sentences to run consecutively. Thus, Defendant again received a total sentence of twenty-two-and-one-half years. Despite the fact that the sentence imposed at resentencing totaled the same number of years as the sentence originally imposed, Defendant contends the sentence imposed at resentencing was greater since it was enhanced. In the conclusion section of his brief, Defendant asserts that since his sentence was enhanced at the resentencing, he is now ineligible for parole and good time credits.

The jurisprudence provides the following with respect to Defendant's argument:

> Generally, if a convicted defendant is successful in having his conviction overturned on appeal, and is subsequently re-tried and convicted, the trial judge may not then impose a more severe sentence. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). A defendant may not be punished for seeking appellate redress. *State v. Tremain P.,* 06–438 (La.App. 5 Cir. 1/16/07) 956 So.2d 1. If a judge imposes a more severe sentence on a defendant when he is convicted following a successful appeal, the trial judge's reasons for the increased sentence must affirmatively appear in the record. Otherwise, there is a presumption of vindictiveness. The purpose behind this rule is to prevent defendants from being penalized for having exercised their constitutional rights. *State v. Fletcher,* [03-60 (La.App. 5 Cir. 4/29/03),] 845 So.2d 1213.
>
> However, the presumption of vindictiveness is inapplicable where different judges have imposed the different sentences against the defendant, because a sentence "increase" cannot truly be said to have taken place. *State v. Rodriguez,* 550 So.2d 837, citing *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104. Where the presumption does not apply, the defendant may still be entitled to relief, but he must affirmatively prove actual vindictiveness. *Wasman v. U.S.,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424, *State v. Rodriguez, supra.*

*State v. Dauzart*, 07-15, p. 9 (La.App. 5 Cir. 5/15/07), 960 So.2d 1079, 1086.

The filing of a habitual offender bill has been held to be a factor justifying a harsher sentence:

> Finally we note, the record reflects defendant's initial sentence was 49 ½ years without benefit of parole, probation or suspension of sentence. Upon re-sentencing, after his conviction as a multiple

6

offender, he was sentenced to 49 ½ years without benefit of probation or suspension of sentence. Defendant claims that because he has been convicted as a multiple offender and is no longer entitled to good time under La.R.S. 15:571.3(C)(2), his second sentence was harsher and was intended to punish him for a successful appeal in violation of his Due Process. See *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Defendant's so-called harsher sentence was simply the result of being convicted as a multiple offender. Because we have already concluded the multiple bill was reasonable and, therefore, timely filed in light of the circumstances, we cannot attribute defendant's so-called harsher sentence to his successful appeal.

*State v. Conrad*, 94-232, pp. 4-5 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, *writ denied*, 94-3076 (La. 4/7/95), 652 So.2d 1345.

To begin, Defendant makes no contention that he received an increase in the number of years he is to serve. Defendant contends the new enhanced sentence is harsher because he is ineligible for parole and good time credits. However, we note that the habitual offender penalty provision being utilized by the State does not restrict parole eligibility. Accordingly, the parole restriction would be the same as the underlying offense. La.R.S. 15:529.1(A)(3)(a); *State v. Esteen*, 01-879, (La.App. 5 Cir. 5/15/02), 821 So.2d 60, *writ denied*, 02-1540 (La. 12/13/02), 831 So.2d 983. Thus, Defendant's parole eligibility was not affected by the trial court's decision to impose an enhanced sentence.[1] Although Defendant's eligibility to receive good time credits appears to be affected by his status as a habitual offender, such a determination is within the exclusive authority of the Department of Corrections. La.R.S. 15:571.3; *State v. Schleve*, 99-3019, (La.App. 1 Cir. 12/20/00), 775 So.2d 1187, *writ denied*, 01-210 (La. 12/14/01), 803 So.2d 983, *and writ denied*,

---

[1]The penalty provision for aggravated second degree battery mandates that at least one year of the sentence imposed be served without benefit of parole, probation, or suspension of sentence "if the offender knew or should have known that the victim was an active member of the United States Armed Forces or was a disabled vet, and the aggravated second degree battery was committed because of that status." La.R.S. 14:34.7(C). Considering the facts of this case, there is no indication this restriction of parole eligibility applies to this case.

01-115 (La. 12/14/01), 804 So.2d 647, *cert. denied*, 537 U.S. 854, 123 S.Ct. 211 (2002). Moreover, as stated in *Conrad*, an increased sentence based on the filing of a habitual offender bill is not per se vindictive.

Additionally, a different judge resentenced Defendant. Judge Vernon Clark imposed the original sentence. *Cheley*, 237 So.3d 58. Judge Martha O'Neal presided over the evidentiary hearing held upon remand and subsequently resentenced Defendant. Thus, there is no presumption of vindictiveness by Judge O'Neal. Finally, pursuant to Defendant's assigned error in the original appeal, this court remanded the case for an evidentiary hearing as to whether one of his predicate convictions was constitutional. The trial court determined the predicate conviction was constitutional and resentenced Defendant as a third habitual offender. Thus, the trial court's resentencing of Defendant as a habitual offender was not based on vindictiveness but was based on this court's remand instructions. It thus appears that there is no presumption of vindictiveness, and Defendant has not satisfied his burden of proving vindictiveness. Accordingly, this assignment lacks merit.

**PRO SE ASSIGNMENT OF ERROR NO. 2:**

Defendant argues the trial court erred in proceeding to the evidentiary hearing and resentencing without conducting a hearing on his Motion for Procedural Objection and Leniency of Sentencing. Although the motion is not included in the appellate record, it is attached as an exhibit to the pro se brief and contains a file-date stamp of March 16, 2018. Also attached to Defendant's pro se brief is a notice for Defendant to appear before the court on March 28, 2018, for a ruling on the motion. The appellate record contains no indication of a ruling on the motion. Defendant contends a hearing on his motion would have allowed him to challenge the habitual offender charges as well as present mitigating factors for the resentencing. In the motion, Defendant raised the same arguments set forth in the

8

first pro se assignment of error. Basically, Defendant argued that any habitual offender hearing would be vindictive since he successfully appealed his original non-enhanced sentence. For the reasons already discussed, this argument lacks merit. Based on our finding to vacate the sentence imposed and remand for resentencing, any mitigating evidence or argument regarding the sentence are now moot. Defendant fails to show he was prejudiced by the trial court's alleged failure to hold a hearing on the motion. Accordingly, this assignment lacks merit.

**PRO SE ASSIGNMENT OF ERROR NO. 3:**

Defendant specifically states this assignment of error is abandoned. Thus, it has not been addressed by this court.

**CONCLUSION**:

For the foregoing reasons, the third felony offender conviction of Defendant, Curtis Cheley is affirmed. His sentences of fifteen years for aggravated second degree battery and seven-and-one-half years on the third felony offender charge are vacated, and the matter is remanded for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**