PITMAN, J.
| defendant, Keith Franklin, Sr., pled guilty, without any agreement concerning the sentence, to aggravated second degree battery in violation of La. R.S. 14:34.7. He was sentenced to 12 years at hard labor and now appeals his sentence as excessive. For the reasons stated herein, we affirm the conviction and sentence.

FACTS

In November 2011, in West Monroe, Louisiana, Defendant and his girlfriend, Torrwinshall Jackson (“Jackson”), were preparing supper. Jackson went into the back yard to discuss a problem she was having with the meat that was being cooked, and Defendant took offense at her statement. After she returned to the kitchen, Defendant came into the house and choked her. In the process, Defendant slashed her neck with a pocket knife, leaving a gash that was approximately ten centimeters long and three centimeters deep. Jackson’s 9-year-old son and 11-year-old niece were present at the home and witnessed the altercation. A friend at the house called Jackson’s mother, who drove Jackson to the hospital where she underwent surgery.
Jackson’s friend also called the police, who responded to the call. When they arrived at the residence, they found that both the victim and suspect were gone. Officers eventually apprehended and arrested Defendant, who, after waiving his Miranda rights, gave a recorded statement. Although Defendant gave a different story when he was first questioned, he later admitted that he had cut Jackson’s neck with a pocket knife while they were fighting.
Defendant was originally charged by a bill of information with | attempted second degree murder, to which he pled not guilty. The state offered Defendant a plea bargain agreement in exchange for a guilty plea whereby the state would agree to reduce the charge to aggravated second degree battery and not charge Defendant as a habitual offender. Defendant accepted the offer. There was no agreement regarding the sentence to be imposed. The guilty plea was entered, and the trial court ordered a presentence investigation report.
The sentencing hearing was held in April 2013, at which time the trial court reviewed Defendant’s social history, including that he had been in a relationship with the victim for eight years and they had two children' together, a seven-year-old son and a five-year-old daughter. The trial court noted that Defendant had an extensive criminal history which included nearly 30 arrests, many of which directly involved acts of violence such as simple battery and aggravated battery, aggravated assault and aggravated second degree battery. Some of these acts of violence had been committed on Jackson, including *982 cutting her leg with a piece of glass. That injury required 48 stitches to repair the damage.
The trial court considered mitigating factors including letters from Jackson to the court requesting a sentence of only five years so that Defendant could spend time with his two small children. The trial court also considered Defendant’s statement that he had become involved in religious activities while he was in jail, had completed an anger management course and was currently undergoing substance abuse treatment.
13After considering all these factors and noting that Defendant had received the benefit of the state’s plea offer which greatly reduced his sentencing exposure, the trial court imposed a sentence of 12 years at hard labor with credit for time served. Defendant filed a motion to reconsider sentence, which was denied. Defendant’s appeal followed.

DISCUSSION

Defendant argues that the sentence of 12 years at hard labor is excessive and violates his constitutional rights because it serves no purpose other than needless imposition of pain and suffering. He contends that the sentence, which is merely three years short of the maximum possible sentence, fails to provide him with the opportunity to be rehabilitated. Defendant points out that he is only 43 years old; and, although a high school dropout, he has obtained his GED and is loving and supportive of his minor children. Defendant admits that his conduct was serious, but argues that the victim made a quick and complete recovery. Further, he points out that the victim repeatedly requested the trial court to issue a light sentence so that Defendant could continue to care for their minor children. Defendant indicates that he was involved in religious activities while incarcerated and also completed an anger management course. He argues that the circumstances of his case warrant a lesser sentence.
The state argues that the trial court adequately considered the sentencing factors set forth in La. C. Cr. P. art. 894.1, as well as the presentence investigation report. The trial court noted the serious nature of Defendant’s offense and the life-threatening injuries the victim sustained. The state further argues that Defendant benefited from both the fact that the [¿victim survived the incident and that the state offered him a plea bargain agreement which greatly reduced his sentencing exposure. The state points to the fact that Defendant had attacked this particular victim on multiple prior occasions and created a risk of death or great bodily harm to her and the young children present at the time of the instant offense. The state contends that Defendant is a fifth-felony offender and that, as such, the trial court’s sentence is appropriate.
Whoever commits the crime of aggravated second degree battery shall be fined not more than $10,000 or imprisoned, with or without hard labor, for not more than 15 years, or both. La. R.S. 14:34.7.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the -guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41, 855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical *983 compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Laclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La. App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history |ñ(age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, unit denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Absent a showing of manifest abuse of that discretion, the appellate court may not set aside a sentence as excessive. Id.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 6(La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Robinson, supra.
The trial court did not abuse its discretion by sentencing Defendant to 12 years at hard labor. Prior to imposing sentence, the trial court adequately considered the circumstances of the offense, the information in the presentence investigation report, and the factors set forth in La. C. Cr. P. art. 894.1. Defendant is a fifth-felony offender and his extensive criminal history includes a litany of arrests for crimes of violence, with at least three of his violent crimes being perpetrated on the victim in the instant matter. The trial court did consider as mitigating circumstances Defendant’s age and the fact that he completed an anger management program; however, these circumstances were greatly outweighed by the aggravating factors. Moreover, Defendant substantially benefited from the plea agreement and reduced sentencing exposure because he was initially charged with attempted second degree murder, which carries a maximum sentence of 50 years in prison. La. R.S. 14:27; 14:30.1.
*984 Considering Defendant’s criminal history and the benefit he received from the plea agreement, the trial court’s imposition of a 12-year sentence does not shock the sense of justice, nor is it disproportionate to the severity 17of the offense. Therefore, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant, Keith Franklin, Sr., are affirmed.
AFFIRMED.