# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-10


**STATE OF LOUISIANA**

**VERSUS**

**CURTIS CHELEY**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 90627
HONORABLE LESTER P. KEES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Billy Howard Ezell, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598-2389**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
        **Curtis Cheley**

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana  71446-1188**
**(337) 239-2008**
**Counsel for Appellee:**
        **State of Louisiana**

**KEATY, Judge.**

On January 18, 2017, a six-person jury found Defendant, Curtis Cheley, guilty of aggravated second degree battery, a violation of La.R.S. 14:34.7. On February 22, 2017, the trial court adjudicated Defendant a third felony habitual offender, and on March 14, 2017, Defendant was sentenced to twenty-two-and-one-half years at hard labor. On January 2, 2018, this court affirmed Defendant's conviction, but vacated his sentence and remanded the case to the trial court for a hearing and imposition of a legal sentence. *See State v. Cheley*, 17-538, 17-696 (La.App. 3 Cir. 1/4/18), 237 So.3d 58.

On June 20, 2018, the trial court adjudicated Defendant a third felony habitual offender and sentenced him to fifteen years at hard labor on the aggravated second degree battery offense and imposed an additional seven-year sentence upon Defendant as a third felony habitual offender, an aggregate twenty-two-year sentence. Defendant filed a Motion to Reconsider Sentence, which the trial court denied on July 2, 2018. Defendant subsequently appealed his sentence, and this court vacated and remanded for resentencing due to a procedural error. *See State v. Cheley*, 18-805 (La.App. 3 Cir. 5/1/19), 270 So.3d 870.

On September 25, 2019, an ad hoc trial judge sentenced Defendant to twenty-two-and-one-half years at hard labor, with credit for time served pursuant to La.R.S. 15:529.1. Defendant filed another Motion to Reconsider Sentence, which the trial court denied without a hearing. Defendant timely filed a Motion for Appeal and Designation of Record, which the trial court granted on November 4, 2019.

## FACTS

In *Cheley*, 237 So.3d at 60-61, this court articulated the facts of this case as follows:

On June 28, 2016, Sergeant Jerol Morrow of the Leesville Police Department was dispatched by a 9–1–1 operator to an incident involving Defendant. Sergeant Morrow knew Defendant and where he was living, so the sergeant proceeded to that location. On arrival, Sergeant Morrow witnessed Defendant on the ground struggling with a woman. Defendant was seen striking the woman and yelling at her, "Where's my kids? Where's my kids?" Sergeant Morrow, a trailing officer, and Deputy Paul Davis of the Vernon Parish Sheriff's Office, attempted to restrain Defendant. Sergeant Morrow was forced to administer pepper spray to effect the arrest of Defendant.

The woman Defendant battered was unresponsive to Sergeant Morrow's attempts to speak to her. Her face was very swollen, and her mouth was bloodied. She was identified as Ms. Mary Pittmon. Ms. Pittmon had been staying at Defendant's aunt's house, where Defendant also was residing.

Defendant and Ms. Pittmon were alone in the house on the morning of June 28, 2016. Ms. Pittmon was seated on the couch. Defendant was talking with someone on his phone, and stated, "I'm gonna take her out." Ms. Pittmon had no idea to whom Defendant was referring until he grabbed a red pipe, tucked it under his arm, and strode toward her with evident intent to strike her. Defendant struck Ms. Pittmon twice with the pipe, once on the head and once on her arm. Ms. Pittmon attempted to stand up, but slipped. Defendant then began to choke Ms. Pittmon with the pipe. He then lifted Ms. Pittmon and moved her toward the front door. Outside, Defendant pushed Ms. Pittmon to the ground on her stomach and began to punch her with his fists. Defendant was angrily asking Ms. Pittmon why she did not "feed his kids," whom Ms. Pittmon had never met. The beating continued until Sergeant Morrow intervened.

As a result of the beating, Ms. Pittmon sustained a broken tooth, mouth lacerations, and several bruises. She was transported to Byrd Memorial Hospital in Leesville, then to LSU Medical Center in Shreveport. This hospital move was necessitated by tachycardia Ms. Pittmon was experiencing following the battering.

On September 6, 2016, the State filed a bill of information charging Defendant with aggravated second degree battery, a violation of La.R.S. 14:34.7. The parties selected a six-member jury on January 17, 2017. The jury began hearing evidence on the same date. Proceedings continued on the following day, and the jury found Defendant guilty as charged.

On January 31, 2017, the State filed a bill of information charging Defendant as a third habitual offender, pursuant to La.R.S. 15:529.1. The trial court heard the matter on the same date and adjudicated Defendant as charged. On March 14, the court sentenced Defendant to twenty-two-and-one-half years at hard labor. In imposing

this sentence, though, the trial court stated that the sentence was imposed without regard to habitual offender enhancement. Defendant now seeks review by this court.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After review, we find no errors patent.

## DISCUSSION

In his sole assignment of error, Defendant asserts that the twenty-two-and-one-half-year sentence is excessive because the trial court failed to individualize his sentence to his offense. Defendant argues that his criminal history does not support his sentence after considering the facts and his ability to re-enter society as a productive member. Defendant further contends that the trial court failed to individualize his sentence, because the trial court did not duly consider the mitigating factors. More particularly, Defendant contends that "[t]his crime resulted in part from [his] belief that Ms. Pit[t]mon had his children and was not feeding them."[1] He admits, however, that "[w]hile [his] actions resulted in serious injury to Ms. Pittmon, Mr. Cheley acted under provocation, not in the traditional sense, but out of parental concern for the well-being of his children." Defendant cites *State v. Franklin*, 48,781 (La.App. 2 Cir. 1/15/14), 130 So.3d 980, *writ denied*, 14-337 (La. 9/19/14), 148 So.3d 950 (twelve-year sentence for aggravated second degree battery) and *State v. Shabazz*, 14-431 (La.App. 1 Cir. 11/7/14), 167 So.3d 725 (seven-year sentence for aggravated second degree battery) for the proposition that a lesser sentence is indicated in this case, noting that the defendants in those cases received lesser sentences than him despite their having committed the more egregious acts of stabbing their victims in the neck. Of significance to this court, however, is the fact

---

[1] Defendant notes that he "was estranged from his children's mother, Wanda Washington, and did not know where his children were."

3

that the appellate courts in *Franklin* and *Shabazz* merely upheld the defendants' sentences as imposed by the trial courts on the grounds that the sentences were not unconstitutionally excessive.

The State asserts that Defendant's contention has no merit and that his sentence should be affirmed because Defendant failed to offer proof that the trial court abused its wide sentencing discretion or that the trial court did not fully particularize the sentence to Defendant. According to the State, the trial court fully considered all relevant factors in Defendant's case prior to imposing sentence. With regard to Defendant's claim that his actions were caused out of concern for his children's well-being, the State points out that those contentions were not presented to the trial court during sentencing and no evidence was introduced to prove them.

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.

4

5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

The crime for which Defendant was convicted, aggravated second degree battery, subject offenders to a fine not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years, or both. *See* La.R.S. 14:34.7(C). In *State v. Kinsey*, 19-384 (La.App. 3 Cir. 1/29/20) (unpublished opinion), *writ denied*, 20-504 (La. 7/2/20), 297 So.3d 769, this court affirmed a fifteen-year sentence of a defendant who was convicted of aggravated second degree battery.[2] The facts of the defendant's actions were as follows:

> Defendant punched his girlfriend, Angela Olds, in the face to the point of unconsciousness after a heated argument between them. He then

---

[2] The defendant in *Kinsey* was also convicted of "domestic abuse battery, first offense, a violation of La.R.S. 14:35.3(C) and (L); second degree battery, a violation of La.R.S. 14:34.1; and aggravated battery, a violation of La.R.S. 14:34[,]" for which he was sentenced, as a habitual offender, to consecutive sentences of two, six, and seven years, respectively. *Kinsey*, 19-384. All of his convictions and sentences were affirmed. *Id.*

> proceeded to strangle her, break the tip of her nose, and beat her with a PVC pipe on her legs and arm. The following day, he hit her across the back with a broom stick, hit her on the head with a brass lock, put a lit cigarette on her stomach and throat, and hit her feet with a wooden shovel.

*Id.* Further, in *State v. McGill*, 52,169 (La.App. 2 Cir. 8/15/18), 253 So.3d 872, *writ denied*, 18-1552 (La. 3/25/19), 267 So.3d 594, the second circuit affirmed the defendant's third-felony habitual offender adjudication and twenty-seven-year sentence for aggravated second degree battery after the defendant stabbed and severely beat his girlfriend.

In the instant case, the evidence submitted at trial showed that Defendant beat the victim with a metal pipe and his fists, causing her to suffer physical injuries that required hospitalization. He was forty years old at the time of the instant offense. Defendant worked as a combination welder for twenty years. He is a single father of three. Defendant's criminal history reflects prior felony convictions for aggravated obstruction of a highway and aggravated flight from an officer. After applying the *Lisotta* factors, we conclude that Defendant's sentences are not disproportionate to the offense nor do they impose a purposeless and needless infliction of pain and suffering. *Lisotta*, 726 So.2d 57.

Defendant contends that the trial court failed to individualize his sentence. We disagree. Our review of the record shows that the trial court individualized the sentence pursuant to La.Code Crim.P. art. 894.1, as it explicitly took note of the aggravating and mitigating circumstances presented in this case, including that of Defendant's criminal history, the prior sentencing transcripts, and the facts of the most recent offense. Accordingly, we conclude that the trial court did not abuse its discretion in imposing an enhanced twenty-two-and-one-half-year sentence.

6

## <u>DECREE</u>

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**